STATE, Plaintiff-Respondent, v. NORTH, Defendant-Appellant.†

Court of Appeals

*No. 79-291-CR. Submitted on briefs July 12, 1979.—Decided August 17, 1979.*
(Also reported in 283 N.W.2d 457.)

† Petition to review denied.

508

For the defendant-appellant the cause was submitted on briefs by *Mary Alice Coan* and *Ronald F. Talsky* of Madison.

For the plaintiff-respondent the cause was submitted on briefs by *Bronson C. La Follette* and *Kirbie Knutson,* assistant attorney general.

Before Decker, C.J., Cannon, P.J., and Moser, J.

MOSER, J. On June 19, 1978, Jerry E. North (North), pleaded guilty to, and was convicted of, two

offenses: count one, misdemeanor theft, in violation of sec. 943.20(1), Stats., and count two, uttering a forged check, in violation of sec. 943.38(2). The maximum penalty for misdemeanor theft was six months in the county jail, or a fine of $200, or both. Sec. 943.20(3)(a). The maximum penalty for forgery—uttering was ten years in prison or a fine of $5,000, or both. Sec. 943.38 (1). The court sentenced North to two and one-half years on the first count and six months, concurrent, on the second count. The two and one-half year sentence for count one was an obvious error by the trial court.

On October 2, 1978, when it came to the trial court's attention that the sentence on count one was excessive, the trial court, *sua sponte* and without notice to North who was serving the original sentence, ordered that sentence reduced to the statutory maximum of six months. At the same time, the six month sentence on count two was ordered increased from six months to two and one-half years. North moved for postconviction relief pursuant to sec. 974.06, Stats., requesting reduction of the sentence on count two to the six months originally imposed. Following a hearing on January 17, 1979, this motion was denied by the trial court in a written order entered February 7, 1979.

No person shall be subject to double jeopardy punishment for the same offense.[1] The double jeopardy provision is enforceable against the states through the due process clause.[2] Once a criminal defendant begins serving a sentence, a court may, in certain situations, properly modify or correct the sentence.[3] Modification to cor-

---

[1] U.S. Const. amend. V; *North Carolina v. Pearce*, 395 U.S. 711, 717–18 (1969).

[2] U.S. Const. amend. XIV; *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

[3] *United States v. Benz*, 282 U.S. 304, 308 (1931).

510

rect sentencing flaws runs afoul of the double jeopardy provisions when the amending court seeks to increase sentences already being served.[4]

A majority of the federal circuit courts of appeal have held that after a conviction and sentencing, federal district courts have no authority to have the convicted person brought before them for the purpose of resentencing for a longer term, as this amounts to double punishment for the same offense contrary to the bill of rights as embodied in the fifth amendment.[5] The reasons for disallowing increased sentences are: there is a possibility of a judicial abuse which would arise if trial courts had discretionary power to increase sentences which convicted persons were serving;[6] and, if trial courts are allowed to increase a valid sentence to offset an erroneously lenient one, a sentenced person's rights to challenge an illegal sentence would be materially chilled.[7] We agree with those courts for those reasons.

Wisconsin has never had this precise problem determined by an appellate court. In dicta, however, the supreme court has revealed its awareness of this problem. It has stated that double jeopardy situations arise in modifying sentences when the sentence is enhanced or increased.[8] The court has further stated that a trial court should not reduce a sentence on mere reflection alone, without some substantive reason, but must base

---

[4] *Id.* at 308–09.

[5] *King v. United States*, 98 F.2d 291, 296 (D.C. Cir. 1938); *United States v. Sacco*, 367 F.2d 368, 369 (2d Cir. 1966); *United States v. Welty*, 426 F.2d 615, 618 (3rd Cir. 1970); *Chandler v. United States*, 468 F.2d 834, 836 (5th Cir. 1972); *United States v. Turner*, 518 F.2d 14, 16–17 (7th Cir. 1975); *United States v. Best*, 571 F.2d 484, 486 (9th Cir. 1978).

[6] *Best, supra* note 5.

[7] *King, supra* note 5.

[8] *Hayes v. State*, 46 Wis.2d 93, 101, 175 N.W.2d 625, 629 (1970).

the modifications of sentences on new factors brought to the court's attention, and that logic dictates that if a trial court is precluded from decreasing a sentence on mere reflection, it should be precluded from increasing sentences for the same reason.[9] The trial court here gave an invalid sentence on the first count of misdemeanor theft, but gave a valid sentence on the second count of forgery—uttering.

We hold that the trial court correctly reduced the invalid sentence on the charge of misdemeanor theft, but that it could not enhance or increase the valid sentence on the charge of forgery—uttering, as it clearly subjected North to double punishment for the same charge.[10] We are not concerned with a windfall to North. "The potential for abuse in broad judicial power to increase sentences outweighs the possibility of giving a few defendants the benefits resulting from a judicial mistake;"[11] and, if trial courts are allowed to increase valid sentences to offset erroneously lenient ones, a sentenced person's rights to challenge an illegal sentence would be materially chilled.[12]

*By the Court.*—The order is reversed and the matter is remanded with instructions to grant the motion under sec. 974.06, Stats.

[9] *Scott v. State,* 64 Wis.2d 54, 59, 218 N.W.2d 350, 353 (1974), *citing with approval Chandler v. United States,* 468 F.2d 834, 836 (5th Cir. 1972). *See* note 5, *supra,* and text accompanying.

[10] U.S. Const. amend V and XIV; Wis. Const. art. 1 §8.

[11] *Turner, supra* note 5 at 17.

[12] *King, supra* note 5.