STATE of Wisconsin, Plaintiff-Respondent,†

v.

Thurman UPCHURCH, Jr., Defendant-Appellant.

Supreme Court

*No. 80–1829–CR.  Argued March 31, 1981.—Decided April 29, 1981.*

(Also reported in 305 N.W.2d 57.)

† Motion for reconsideration denied, without costs, on June 8, 1981.

For the appellant there were briefs and oral argument by *Ben Kempinen,* legal assistance to institutionalized persons program, of Madison.

For the respondent the cause was argued by *F. Joseph Sensenbrenner, Jr.,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

BEILFUSS, C. J. This matter comes before us on a petition to bypass the court of appeals filed by the petitioner Thurman Upchurch, Jr., pursuant to the terms of sec. 809.60, Stats. The petition was granted on January 19, 1981.

This case involves a question of the validity of the judgment and sentence entered against the defendant after his conviction as a repeat offender for possession of a controlled substance with intent to deliver in violation of secs. 161.14(4)(k) and 161.41(1m)(b), Stats.

On August 29, 1979, the defendant was charged with the crime noted above. He was on parole at the time he committed the acts alleged in the complaint. He remained incarcerated from August 29 until his trial in January of 1980.

After a trial to a jury, Upchurch was found guilty. The sentencing proceeding took place immediately after the return of the verdict on January 23, 1980. On the basis of the allegations contained within the information, and on the basis of a certified copy of a judgment of conviction entered in a 1976 felony prosecution, the state requested that the defendant be sentenced as an habitual

criminal pursuant to the terms of sec. 939.62, Stats.[1] The court then sentenced the defendant as follows:

> *"The Court:* . . . The Court will enter judgment upon their verdict adjudging him to be guilty of the offense of possession with intent to deliver marijuana. The Court has already indicated it received the evidence as to habitual criminality. I thought Mr. Upchurch conducted himself well in this case. He has been spending some time in the jail which is pretty hard time since August. It is not a crime of violence against a person or the community. It's a—It's a violation of the law. Taking all of those matters in consideration, the Court will sentence him to one year in prison. How old are you, sir?
>
> *"Mr. Upchurch:* I am 28.

---

[1] Sec. 939.62(1) and (2), Stats., provides:

"(1) If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42) the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

"(a) A maximum term of one year or less may be increased to not more than 3 years.

"(b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

"(c) A maximum term of more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 10 years if the prior conviction was for a felony.

"(2) The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that he was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded."

*"The Court:* At Waupun on the possession with intent to deliver concurrent to what he is now serving as a habitual criminal. The Court will sentence him to one year consecutive to the term I just gave him. I am doing that, sir, because you were on parole and you should not have gotten in trouble again; so you will serve some more time and based upon the fact you were a habitual criminal."

Realizing that this was improper under sec. 939.62, Stats.,[2] the trial judge amended the defendant's sentence on January 29, 1980, to a one-year term to be served consecutively "to the term he is now serving on his [parole] violation." This amendment was ordered on the trial court's own motion and was made without notice to and in the absence of the state or the defendant. All interested parties were thereafter notified of this change by letter.

On August 6, 1980, the defendant filed a motion for postconviction relief. On the basis of the materials submitted in support of this motion, the court found that Upchurch was entitled to no relief and that a response from the state was unnecessary. The motion was denied, and this appeal was taken from the trial court's entry of the order denying the defendant's motion.

The question presented by this controversy is whether the defendant's Wisconsin and federal constitutional right to be free from being placed "twice in jeopardy of punishment"[3] for the same offense was violated by the sentences imposed by the trial court.

---

[2] Sec. 939.62, Stats., functions so as to enhance a penalty for a crime committed by a repeat offender. It does not give rise to a separate crime upon which a defendant may be separately sentenced. *See State v. Miller,* 239 Wis. 334, 1 N.W.2d 178 (1941).

[3] Art. I, sec. 8 of the Wisconsin Constitution provides that ". . . no person for the same offense shall be put twice in jeopardy of punishment. . . ."

The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb. . . ."

The arguments of both the state and the defendant have concentrated on the invalidity of the second sentencing proceeding. The defendant urges us to adopt the rule articulated in *State v. North*, 91 Wis.2d 507, 283 N.W.2d 457 (Ct. App. 1979). In that decision the court of appeals held that principles of double jeopardy prohibit a defendant from being resentenced to an increased term after he has commenced serving his first sentence. *Id.* at 509–510. The defendant claims that his amended sentence of January 29, 1980, increased his original sentence and was invalid as a violation of the *North* rule. He argues that the consecutive sentences imposed originally were valid only to the extent that they mandated imprisonment for a term of one year to be served concurrently with his prior sentence. He submits that the first sentence in this case should be modified accordingly.

The state argues that the amended sentence only effectuated the intent of the sentencing judge and did not increase the defendant's prison term. In the alternative, it is claimed that the recent United States Supreme Court decision in *United States v. DiFrancesco*, —— U.S. ——, 101 Sup. Ct. 426 (1980), is authority for allowing an increase in punishment by virtue of an amended sentence, whether or not the amended sentence is ordered after the defendant commences his prison term.

We have no occasion to accept or reject the *North* rule since we do not view the circumstances of this case to be applicable to the double jeopardy principles involved in that decision. In *State v. North*, 91 Wis.2d 507, 283 N.W.2d 457 (Ct. App. 1979), the defendant was given a valid sentence for his crime and that sentence was subsequently increased. By contrast, in this case, we hold that the first sentence itself was invalid as a multiple punishment for a single crime. Because a lawful sentence was not imposed in the first instance, and in the absence of a hearing at the time of the resentencing,

we conclude that the defendant must be resentenced in a new proceeding before the trial court.

Art. I, sec. 8 of the Wisconsin Constitution provides that no person shall be put twice in jeopardy of punishment for the same offense. *See also* United States Constitution, amend. 5. It has often been observed that principles of double jeopardy prohibit the state from imposing multiple punishments for the same offense. *State v. Bowden,* 93 Wis.2d 574, 580, 288 N.W.2d 139 (1980) ; *Haldane v. State,* 85 Wis.2d 182, 196, 270 N.W.2d 75 (1978) ; *State v. Roggensack,* 15 Wis.2d 625, 633, 113 N.W.2d 389 (1962). The defendant in this case received *two* separate and consecutive one-year sentences for the commission of *one* criminal act. It is clear that these multiple sentences violated the principles of double jeopardy.

The state submits that our decision in *Olson v. State,* 69 Wis.2d 605, 230 N.W.2d 634 (1975), is authority for construing the first sentence as a valid two-year term to be served concurrently with the defendant's underlying prison sentence. In *Olson v. State, supra,* the trial judge sentenced Olson to concurrent terms of four and six years. He was sentenced to four years for conviction of the substantive crime, and he was sentenced to six years as a repeat offender under sec. 161.48, Stats. The court concluded that the six-year sentence was improper and vacated that sentence. Attention was then focused upon sec. 973.12(2), which provides:

"In every case of sentence under s. 939.62, the sentence shall be imposed for the present conviction, but if the court indicates in passing sentence how much thereof is imposed because the defendant is a repeater, it shall not constitute reversible error, but the combined terms shall be construed as a single sentence for the present conviction."

With this statute as its authority, the court looked to the four-year sentence received for the conviction of the

principal charge and increased that sentence to six years so as not to defeat the intent of the trial court. *Olson v. State, supra,* 69 Wis.2d at 609.

We have reconsidered the *Olson* rule and conclude that it must be overruled as an erroneous interpretation of the intended operation of sec. 973.12(2), Stats.[4] The terms of that statute do not authorize this court to treat as harmless error two separate sentences ordered on the basis of the commission of one offense. As we have noted, such multiple sentences are violative of constitutional double jeopardy protections. Sec. 973.12(2) allows the trial judge to mete out *one* sentence and when "passing sentence" if the court states that some portion of that sentence is due to the criminal's status as a repeat offender, then such a remark shall not constitute reversible error.

The consecutive sentences of January 23, 1980 were invalid.[5] They may not be saved by the terms of sec. 973.12(2), Stats. That statute does not apply to the consecutive prison terms ordered by the trial court in this case. The punishment ordered for the crime Upchurch committed violated the double jeopardy provisions of the state and federal constitutions. The question of the appropriate disposition of this appeal remains to be decided.

The defendant argues that the one-year concurrent term ordered on January 23, 1980 as punishment for the substantive crime was valid, and we should vacate all of the original sentence except as it pertains to that one-

---

[4] Strictly speaking, sec. 939.62, Stats., and sec. 973.12(2) did not apply to the sentence mandated in *Olson v. State, supra,* 69 Wis.2d at 609. That decision nevertheless has served to place a gloss on the interpretation and application of sec. 973.12(2).

[5] At least one other court has reached a similar conclusion. *See Aeby v. State,* 199 Kan. 123, 427 Pac.2d 453 (1967).

year term. Although there is support for such an approach in our case law, *see State v. Miller,* 239 Wis. 334, 1 N.W.2d 178 (1941), we decline to accept this view. Such a rule would tend to make the sentencing proceeding a game wherein a misstatement by the trial judge would result in a windfall to the defendant. *See Bozza v. United States,* 330 U.S. 160, 166–67 (1947). A sentencing hearing is not a game. We conclude that the punishment ordered in this case was legally impermissible and resentencing is required. This is the generally accepted rule which applies when a defendant has received an unlawful sentence. *See* Campbell, *Law of Sentencing,* sec. 59, p. 196 (1978).

Although an amended sentence was ordered in this case on January 29, 1980, that sentence was pronounced without notice of hearing and in the absence of the state and the defendant Upchurch. A defendant has a right to be present at a sentencing proceeding. Sec. 971.04 (1) (g), Stats. It was improper to resentence a defendant in his absence after the imposition of a previously ordered invalid sentence.

The defendant Upchurch originally received two consecutive sentences on the basis of a single conviction in violation of his right to be free from being twice placed in jeopardy of punishment for the same offense. This punishment was invalid, and in the absence of a hearing with the defendant present, the taint of the original sentence was not cured by the amended sentence ordered in this case. This matter must be remanded to the trial court for resentencing.[6]

*By the Court.*—The judgment is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

---

[6] The record reflects that the defendant has served some measure of time prior to the initiation of these postconviction proceedings. Of course he must be given appropriate credit for this time served consistent with the trial court's new sentence.