**Jimmie KAZEE, Petitioner,**

v.

**Warren YOUNG, Respondent.**

**No. 84–C–1496.**

United States District Court,
E.D. Wisconsin.

Nov. 8, 1985.

---

Louis B. Butler, Jr., Asst. State Public Defender, Milwaukee, Wis., for petitioner.

Mary Batt, Asst. Atty. Gen., Dept. of Justice, Madison, Wis., for respondent.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The petitioner was convicted in Milwaukee County Circuit Court on April 9, 1981, of one count of robbery, in violation of Wis.Stat. § 943.32(1)(b), and one count of habitual criminality, in violation of Wis. Stat. § 939.62. The trial court sentenced the petitioner to a total of twelve years imprisonment for the robbery and habitual criminality conviction. The petitioner was also convicted of first degree sexual assault and robbery in a separate but consolidated case; the latter conviction is not challenged in the present petition.

The Wisconsin Court of Appeals affirmed the convictions in a decision dated June 15, 1982. Mr. Kazee's petition for review was dismissed as untimely by the Wisconsin Supreme Court on July 27, 1982. His motion for reconsideration or, in the alternative, for leave to initiate an original action was denied by the state's high court on August 17, 1982.

The petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that the trial court violated the double jeopardy clause of the fifth amendment when it sentenced him for the robbery and habitual criminality conviction. The petition for habeas corpus relief will be denied.

■ As a preliminary matter, the state contends that the habeas corpus petition should be dismissed because the petitioner failed to exhaust his state remedies. The state asserts that the petitioner still may raise his double jeopardy claim in the trial court through a post-conviction motion under Wis.Stat. § 974.06.

The state court of appeals already has considered and rejected the petitioner's double jeopardy claim. In addition, the state supreme court has declined to hear the claim by dismissing the untimely petition for review and by denying the motion for reconsideration or, alternatively, for leave to initiate an original action. I am satisfied that the petitioner has exhausted

his state remedies under 28 U.S.C. § 2254(b) and (c). An issue previously considered on direct appeal cannot be reconsidered under Wis.Stat. § 974.06. *Brown v. State*, 96 Wis.2d 238, 241, 291 N.W.2d 528, *cert. denied*, 449 U.S. 1015, 101 S.Ct. 576, 66 L.Ed.2d 475 (1980). Moreover, the exhaustion doctrine does not require the petitioner to file repetitious applications in the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n. 18, 92 S.Ct. 1048, 1056 n. 18, 31 L.Ed.2d 394 (1972).

■ The state has not raised the defense of waiver. The waiver doctrine, in contrast to the exhaustion requirement, addresses "the situation in which there is no presently available state remedy but the petitioner bypassed an earlier opportunity to have a state court consider his constitutional claim." *Perry v. Fairman*, 702 F.2d 119, 120 (7th Cir.1983). Waiver does not deprive the court of subject matter jurisdiction over a habeas corpus petition. *Id.* Because the state failed to raise the issue of waiver, it will be deemed to have waived this defense. *See United States v. Angelos*, 763 F.2d 859, 861 (7th Cir.1985). The court, therefore, will proceed to the merits of the petition.

■ The trial court made the following statement in sentencing the petitioner:

"The Court will sentence the defendant in Case J–4488 which is the robbery to ten years and on the habitual criminality will add two years to that."

The petitioner alleges that he received two sentences for the same crime in violation of the double jeopardy clause of the fifth amendment. The state court of appeals, when presented with this challenge, held that the trial court imposed only a single sentence of twelve years for robbery, two years of which were imposed because the petitioner was a repeat offender. The factual findings of the state court are presumptively correct under 28 U.S.C. § 2254(d) and must be deferred to unless the federal court determines that the state court findings lack even "fair support" in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432, 103 S.Ct. 843, 850, 74 L.Ed.2d 646 (1983). Far from concluding that the state appellate court's finding lacks "fair support" in the record, the court agrees with the state court's reading of the trial court's sentence.

Wisconsin's habitual offender statute, Wis.Stat. § 939.62, does not create a separate crime but authorizes the enhancement of a defendant's sentence for an underlying conviction. *State v. Upchurch*, 101 Wis.2d 329, 332 n. 2, 305 N.W.2d 57 (1981); *see also* Wis.Stat. § 973.12(2). An enhanced sentence pursuant to a habitual offender statute is not a new jeopardy or additional punishment for previous offenses but "is a stiffened penalty for the latest crime, which is to be considered an aggravated offense because a repetitive one." *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948). The trial court's action in the present case is not violative of the fifth amendment double jeopardy clause because the court merely used the petitioner's status as a repeat offender to enhance his sentence for the robbery conviction. *See Baker v. Duckworth*, 752 F.2d 302, 304 (7th Cir.1985). Accordingly, the petitioner's application for habeas corpus relief will be denied.

Therefore, IT IS ORDERED that the petition for a writ of habeas corpus be and hereby is denied.