STATE of Wisconsin, Plaintiff-Respondent,

v.

John C. SETAGORD, Defendant-Appellant.

Court of Appeals

*No. 93–0652–CR. Submitted on briefs April 12, 1994.—Decided September 1, 1994.*

(Also reported in 523 N.W.2d 124.)

For the defendant-appellant the cause was submitted on the briefs of . *Charles G. Curtis, Jr.* and *Katherine M. Lunsford* of *Foley & Lardner* of Madison.

341

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *David J. Becker*, assistant attorney general, of Madison.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

SUNDBY, J.   This appeal presents a question of first impression: When a trial court sentences a defendant to life imprisonment, may the court provide that the defendant shall not be eligible for parole? We conclude that when a trial court sentences a person to life imprisonment for a crime committed on or after July 1, 1988, the court may choose only one of the following options: (1) the person is eligible for parole under § 304.06(1), STATS.; or (2) the person is eligible for parole on a date set by the court. Section 973.014, STATS., 1991-92. We conclude that the statute is clear and unambiguous and did not permit the trial court to sentence defendant-appellant, John C. Setagord, to life imprisonment without parole. We, therefore, reverse Setagord's sentence for taking a hostage, contrary to § 940.305, STATS., and remand the cause for resentencing.

Setagord and two others were confined in the Dane County Jail. On October 20, 1991, Setagord and his accomplices held a sheriff's department deputy hostage in an escape attempt. At his trial, Setagord reached a plea agreement with the prosecutor and pled no contest to the charge of taking a hostage, party to a crime, and guilty to conspiracy to escape and battery to a police officer, party to a crime. Setagord does not contest his sentence on the latter two counts.

A person who takes a hostage contrary to § 940.305, STATS., is guilty of a Class A felony. The

penalty for a Class A felony is life imprisonment. Section 939.50(3)(a), STATS. Section 973.014, STATS., 1991-92, provides:

> When a court sentences a person to life imprisonment for a crime committed on or after July 1, 1988, the court shall make a parole eligibility determination regarding the person and choose one of the following options:
>
> (1)  The person is eligible for parole under s. 304.06(1).
>
> (2)  The person is eligible for parole on a date set by the court. Under this subsection, the court may set any later date than that provided in s. 304.06(1), but may not set a date that occurs before the earliest possible parole eligibility date as calculated under s. 304.06(1).

Under § 304.06(1)(b), STATS., the parole commission may parole an inmate of the Wisconsin state prisons under the conditions prescribed, unless the inmate's parole eligibility date has been set by the court under § 973.014(2), STATS., 1991-92.

██

The State argues that Setagord may not have his sentence reviewed on direct appeal. It contends that Setagord's exclusive remedy is a postconviction motion under § 974.06, STATS. *See Spannuth v. State*, 70 Wis. 2d 362, 364, 234 N.W.2d 79, 81 (1975). However, the Wisconsin Supreme Court has recently ruled that a defendant must raise all issues on direct appeal and may not raise in a § 974.06 motion an issue which was decided or could have been decided on direct appeal. *State v. Escalona-Naranjo*, 185 Wis. 2d 169, 185-86, 517 N.W.2d 157, 163-64 (1994).

It is well settled that "the court's sentencing power is derived solely from the statutes and . . . the courts must adhere to statutory limits when fashioning sentences." *State v. Sepulveda*, 119 Wis. 2d 546, 553, 350 N.W.2d 96, 100 (1984). Where the legislature has established a maximum penalty, the court may not adopt a different maximum term as the penalty for a crime. *Drinkwater v. State*, 73 Wis. 2d 674, 684, 245 N.W.2d 664, 669 (1976).

The State concedes that § 973.014, STATS., 1991-92, does not empower a trial court to impose the sentence of life imprisonment without parole. It argues, however, that a trial court may accomplish the same result by setting a parole eligibility date so far in the future that the defendant cannot possibly live to enjoy parole. The State claims that the trial court "could unquestionably have set a date so far in the future that the defendant would not live to see it." The validity of that claim is not before us because the trial court did not attempt that approach.

The trial court made plain that it intended to sentence Setagord to life imprisonment without parole. Section 973.014, STATS., 1991-92, gives the sentencing court only two options; sentencing a defendant to life imprisonment without parole is not an option. We must therefore set aside Setagord's sentence.

Setagord argues that, consistent with § 973.13, STATS., we should modify the judgment to provide that Setagord's eligibility for parole shall be determined under § 973.014(1), STATS., 1991-92. Section 973.13 provides: "In any case where the court imposes a maximum penalty in excess of that authorized by law, such

excess shall be void and the sentence shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings." However, in this case, we do not know how much of the sentence imposed by the trial court is void. The trial court failed to set a parole eligibility date. The discretion under § 973.014 can only be exercised by the trial court. Therefore, we remand this cause to the trial court for resentencing.

*By the Court.*—Judgment reversed and cause remanded.