STATE of Wisconsin, Plaintiff-Respondent,†

v.

Guy R. WILLETT, Defendant-Appellant.

Court of Appeals

*No. 99–2671–CR. Submitted on briefs June 7, 2000.—Decided August 9, 2000.*

## 2000 WI App 212

(Also reported in 618 N.W.2d 881.)

†Petition to review denied.

[black redaction bars]

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Susan E. Alesia*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christopher G. Wren*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Brown, P.J., Nettesheim and Snyder, JJ.

¶ 1. BROWN, P.J. Guy R. Willett appeals from an amended judgment that changed the sentencing structure four months after the original sentencing. The sentencing court originally held that the sentences for the three convictions which were before the court that day could not be served consecutively to a sentence Willett was to receive four days later when his probation was revoked. A third of a year later, the court was convinced that its original ruling was based on an erroneous understanding of the law and changed the three sentences so that they were consecutive to the later sentence. We agree with Willett that this modification violated the prohibition against double jeopardy because it defeated Willett's legitimate expectation of finality in the sentence. We reverse and remand with

directions that the trial court amend the judgment of conviction to conform to the original judgment.

¶ 2. Willett was originally charged with two counts of arson. Pursuant to a plea agreement, Willett pled no contest to one count each of arson, negligent handling of burning materials and recklessly endangering safety, pursuant to WIS. STAT. §§ 943.02(1), 941.10(1), 941.30(1) (1997–98).[1] The trial court imposed and stayed four years of prison and forty years of probation on the arson count and a total of fourteen years of prison on the other two counts. The prison sentences were to be served consecutively to each other, but not consecutive to another prison term that Willett was to receive four days later when his probation was revoked in another case.[2] The trial court stated that it wanted to make the sentences consecutive to the sentence in the other case, but that it did not believe it had the authority to do so because Willett was not yet serving that sentence. The State asked the trial court, "[W]ould the court be inclined to order this be consecutive if the court thought it had the authority to do so or not?" The court responded, "If there is authority, it would be my intent it be consecutive to any probation revocation sentence. I don't believe there's the ability statutorily for that to occur." The State suggested that the court stay the sentencing order to a later date so that it would not become effective until after the other sentence had been imposed. The court declined to do so, but noted on the judgment of conviction that the "Court intends to make sentence

---

[1] All further references to the Wisconsin Statutes are to the 1997–98 version.

[2] Sentences are presumed to run concurrently unless otherwise indicated by statute or judicial decree. *See State v. Coles*, 208 Wis. 2d 328, 332, 559 N.W.2d 599 (Ct. App. 1997).

623

consecutive to probation revocation—if this can occur pursuant to statute then to be served consecutive." On May 10, 1999, the State sent the court a letter calling the court's attention to *State v. Thompson*, 208 Wis. 2d 253, 559 N.W.2d 917 (Ct. App. 1997), under which the sentences could have been imposed consecutively to the probation revocation sentence, even though Willett's probation had not yet been revoked. At a July 14, 1999 hearing, the court, over double jeopardy objections by Willett, amended the original judgment of conviction to make the sentence consecutive.

¶ 3. Relying on *State v. North*, 91 Wis. 2d 507, 283 N.W.2d 457 (Ct. App. 1979), Willett argues that the trial court's modification of the sentence that he had already commenced serving violated his constitutional protection against double jeopardy. The sentence originally imposed was a valid sentence Willett claims, and thus, under *North*, it cannot be increased at a later date. The State counters that resentencing does not per se violate double jeopardy protection; the question is whether Willett had a legitimate expectation of finality in his sentence. *See United States v. DiFrancesco*, 449 U.S. 117 (1980). Here, the State claims, Willett heard the trial court express its desire, at the original sentencing, that the sentences be consecutive and thus he knew there was a chance it would be modified. The State also deems significant the facts that this was a plea agreement and that the court called the second hearing rather than the State moving for it. Willett replies that our supreme court has limited *DiFrancesco* to its facts and questioned the scope of its holding. *See State v. Martin*, 121 Wis. 2d 670, 678, 360 N.W.2d 43 (1985). Additionally, while there was a plea agreement, Willett claims there was no accord on the length of the sentence.

¶ 4. Both the Wisconsin and United States Constitutions contain double jeopardy clauses, *see* U.S. CONST. amend. V, WIS. CONST. art. I, § 8, the protection of which arises in a variety of contexts, *see State v. Martin*, 121 Wis. 2d 670, 675, 360 N.W.2d 43 (1985). We treat them as one in our discussion because their protection is coextensive. *See State v. Burt*, 2000 WI App 126, ¶ 7, 237 Wis. 2d 610, 614 N.W.2d 42. Whether the guarantees provided by the double jeopardy clauses bar the trial court from effectively increasing the defendant's sentence after he or she has commenced serving it is a question of law we review de novo. *See Martin*, 121 Wis. 2d at 673.

¶ 5. This court recently addressed a case similar in posture to the present case. *See Burt*, 2000 WI App 126. There, two men were convicted as parties to a crime for robbery and attempted murder. *See id.* at ¶ 2. The trial court sentenced Burt and then sentenced his accomplice. *See id.* at ¶ 4. When the accomplice's counsel objected to the fact that his client's sentence was longer than Burt's sentence, the trial court realized that it had misspoken in sentencing Burt. *See id.* On that same day, the trial court called Burt back into the courtroom and explained to him that the trial court had meant to indicate that Burt's sentences were to be consecutive. *See id.* On appeal, Burt claimed that the harsher resentencing violated his double jeopardy protection. *See id.* at ¶ 6. Following *DiFrancesco*, we disagreed.

> [W]e conclude that a defendant's interest in the finality of his or her sentence is not a significant concern when the trial court simply corrects an error in speech in its pronouncement of the sentence

625

later in the same day. Unlike in *North*, where the trial court did not attempt to correct its sentencing error until over three months later, Burt did not have a legitimate expectation that [the trial court] could not correct his slip of the tongue on the day of sentencing.

*Burt,* 2000 WI App 126 at ¶ 12.

¶ 6.　Here, the facts dictate the opposite result because Willett did have a legitimate expectation of finality. First, the State's argument that Willett knew the sentence might change is unpersuasive. Yes, Willett heard the prosecutor say that he would look for authority allowing the court to impose a consecutive sentence. But Willett also heard the trial court reject the prosecutor's suggestion that the order be stayed. Further, he heard the trial court proceed to impose his sentence. Second, unlike Burt, who was resentenced on the same day, Willett had already been serving his sentence for four months when the trial court changed it from concurrent to consecutive. Third, and perhaps most important, this was not a "slip of the tongue" on the part of the trial court. Here, the trial court had an incorrect understanding of the law governing its sentencing authority. Double jeopardy prevents the State from using this error, four months later, to seek a stiffer sentence for Willett. That the trial court wanted to impose a consecutive sentence to begin with is of no moment; what the trial court actually did was impose a valid, concurrent sentence. Our reading of the transcript of the original sentencing hearing convinces this court that those proceedings fostered in Willett a legitimate expectation of finality in the sentence. The double jeopardy clause prevents the trial court from going back, four months later, to redo the sentence.

¶ 7.  We remand for the trial court to enter a further amended judgment that clearly states that the sentence commenced on noon of the day of the original pronouncement. *See* WIS. STAT. § 973.15(1).

*By the Court.*—Judgment reversed and cause remanded.