State of Wisconsin, Plaintiff-Respondent,
v.
Linda Lacey, Defendant-Appellant.
Nos. 03-2854-CR, 03-2855-CR
Court of Appeals of Wisconsin.
Opinion Filed: June 29, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶ 1 PER CURIAM.
Linda Lacey, pro se, appeals judgments of conviction for first-degree intentional homicide and attempted first-degree intentional homicide and an order denying her postconviction relief. We discern that Lacey raises six arguments on appeal: (1) her double jeopardy rights were violated; (2) the trial court erred by sentencing her without making a finding of extended supervision eligibility; (3) the trial court erred by sentencing her without first determining a restitution amount; (4) her speedy trial right was violated; (5) evidence should have been suppressed because of defective search warrants; and (6) her trial counsel was ineffective.[1]
¶ 2 Although we reject Lacey's arguments, in conjunction with her first argument, Lacey is correct to observe the judgments of conviction erroneously show she was convicted of two counts of first-degree intentional homicide. Therefore, while we affirm the judgments and order, we remand the case to the trial court with direction to the clerk's office to correct the second judgment of conviction to reflect Lacey was convicted of attempted first-degree intentional homicide. See State v. Prihoda, 2000 WI 123, ¶ 17, 239 Wis. 2d 244, 618 N.W.2d 857.

BACKGROUND
¶ 3 On September 24, 2001, Lacey killed Thomas Lacey, her ex-husband, by shooting him fifteen times and injured Katina, Thomas's wife, by shooting her once in the shoulder. Lacey was charged with first-degree intentional homicide for shooting Thomas and attempted first-degree intentional homicide for shooting Katina. A jury later convicted her on both counts.
¶ 4 The trial court sentenced Lacey to life imprisonment, without the possibility of extended supervision, for the first-degree intentional homicide count and fifty years' imprisonment on the attempted first-degree homicide count, comprised of thirty years' initial confinement followed by twenty years' extended supervision. Lacey filed a motion for postconviction relief, which the trial court denied. Lacey appeals.

DISCUSSION

I. DOUBLE JEOPARDY
¶ 5 Lacey argues her double jeopardy rights were violated, as she claims she received two punishments for one crime. Lacey notes that a jury convicted her of first-degree intentional homicide for Thomas's death and attempted first-degree intentional homicide for shooting Katina. However, the judgments of conviction indicate Lacey was convicted on two counts of first-degree intentional homicide and sentenced to life imprisonment on the first count and thirty years' imprisonment on the second count. Thus, she argues, she received two punishments for one crime. See State v. Upchurch, 101 Wis. 2d 329, 334-35, 305 N.W.2d 57 (1981) (principles of double jeopardy prohibit the state from imposing multiple punishments for the same offense). We disagree.
¶ 6 The second judgment of conviction, which indicates Lacey was convicted of first-degree intentional homicide as opposed to attempted first-degree intentional homicide, is nothing more than a clerical error. See Prihoda, 239 Wis. 2d 244, ¶ 15. The jury verdict clearly sets forth Lacey was convicted of one count each of first-degree intentional homicide and attempted first-degree intentional homicide. Furthermore, the sentencing transcript reveals the trial court sentenced Lacey to life imprisonment on the first-degree intentional homicide conviction and to thirty years' imprisonment on the attempted first-degree intentional homicide conviction. While Lacey has no basis for arguing her double jeopardy rights were violated, we remand the case to the trial court with directions to the clerk's office to correct the second judgment of conviction to reflect Lacey was convicted of attempted first-degree intentional homicide. See id., ¶ 17.

II. SENTENCING AND EXTENDED SUPERVISION
¶ 7 Lacey next argues the trial court erred by sentencing her to life imprisonment without finding her eligible for extended supervision. However, when the trial court sentences someone to life imprisonment, WIS. STAT. § 973.014(1g)(a)1-3 gives the trial court discretion in determining whether extended supervision is appropriate.[2] It can find:
1. The person is eligible for release to extended supervision after serving 20 years.
2. The person is eligible for release to extended supervision on a date set by the court. Under this subdivision, the court may set any later date than that provided in subd. 1., but may not set a date that occurs before the earliest possible date under subd. 1.
3. The person is not eligible for release to extended supervision.
Id. Here, pursuant to subdivision 3, the court found Lacey was ineligible for extended supervision, largely because the court determined Lacey represented a danger to the public and that community protection required her to be confined for life. Thus, the court acted within its authority and properly exercised its discretion.[3]

III. SENTENCING AND RESTITUTION
¶ 8 Lacey's third argument is that her sentence is illegal because the amount of restitution was not set before the trial court pronounced her sentence. We disagree.
¶ 9 Lacey's sentencing hearing was held on July 16, 2002. In addition to imposing sentence, the court set a preliminary restitution amount, but indicated the precise amount should be determined at a later hearing to be held within the time limits of WIS. STAT. § 973.20(13)(c)(2). Subdivision (c)(2) allows the trial court to "[a]djourn the sentencing proceeding for up to 60 days pending resolution of the amount of restitution by the court, referee or arbitrator."[4] The restitution hearing was timely held fifty-nine days later, on September 13, 2002. Further, from the scheme set forth in subsection (13), it is apparent that the court can impose sentence before the actual amount of restitution is determined. See WIS. STAT. § 973.20(13)(c)1 (allows court to order undisputed restitution amounts implemented into sentence imposed and direct appropriate agency to file proposed restitution order within ninety days); see also WIS. STAT. § 973.20(13)(c)3 (arbitrator's restitution finding is incorporated into court's sentence or probation order) and WIS. STAT. § 973.20(13)(c)4 (court commissioner's or referee's restitution finding is incorporated into the sentence or probation order imposed). Therefore, the failure to make a precise finding of restitution before pronouncing sentence is not error.

IV. SPEEDY TRIAL
¶ 10 Lacey's fourth argument is that she was denied her right to a speedy trial. A defendant has both a statutory and constitutional right to a speedy trial. See WIS. STAT. § 971.10(2)(a) (trial of defendant charged with felony shall commence within ninety days from the date trial is demanded); U.S. CONST. Amend. VI; WIS. CONST. art. I, § 7. The remedy for a statutory speedy trial violation is release from confinement pending trial, see WIS. STAT. § 971.10(4), while the remedy for a constitutional speedy trial violation is dismissal of the charges, see State v. Braunsdorf, 98 Wis. 2d 569, 586, 297 N.W.2d 808 (1980). Even though Lacey's December 13, 2002, request for a speedy trial included both statutory and constitutional grounds, on appeal she seeks dismissal of the charges on her speedy trial claim. Therefore, we construe her argument to be grounded in a constitutional violation only.
¶ 11 "The determination of whether there has been a denial of a speedy trial involves a four-factor balancing test, in which the conduct of both the prosecution and the defendant are weighed." State v. Williams, 2004 WI App 56, ¶ 32, 677 N.W.2d 691. The four factors are (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his or her right, and (4) the prejudice to the defendant. However, the length of the delay is "a triggering mechanism," and "until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Id., ¶ 33 (citations omitted).
¶ 12 Lacey was arrested on September 24, 2001. Her trial commenced on May 20, 2002. Thus, her trial began in just under eight months after she was taken into custody. This time period falls short of what case law recognizes as presumptively prejudicial. See State v. Leighton, 2000 WI App 156, ¶ 7, 237 Wis. 2d 709, 616 N.W.2d 126 (delay approaching one year is presumptively prejudicial). Consequently, we need not consider the other factors, and Lacey's constitutional right to a speedy trial was not violated.

V. SEARCH WARRANTS
¶ 13 Lacey's fifth argument is that evidence presented at trial should have been suppressed. She argues that two search warrants incorrectly listed her address as "S961 Sand Road," as opposed to the correct address of "S691 Sand Road." She also contends the search warrants were improper because a court commissioner, not a judge, signed them, and that the search warrant for her vehicle lacked probable cause. We reject these arguments.
¶ 14 As to the incorrect address, this typographical error is insignificant because the warrant was not for "S691 Sand Road" and did not purport to describe the place to be searched. The search warrant was to search the clothes Lacey was wearing at the time she was arrested to identify the source of any blood, hair or fibers found on the clothes. Thus, the technical irregularity misidentifying her address in the exhibit attached to the search warrant is immaterial. See WIS. STAT. § 968.22 ("No evidence seized under a search warrant shall be suppressed because of technical irregularities not affecting the substantial rights of the defendant.").
¶ 15 As to Lacey's contention that the search warrants are invalid for want of a judge's signature, WIS. STAT. § 967.07 provides that a "court commissioner may exercise powers or perform duties specified for a judge if such action is permitted under [WIS. STAT. §] 757.69." Section 757.69(1)(b) authorizes a court commissioner to issue search warrants in criminal matters.
¶ 16 Finally, as to Lacey's claim that the search warrant for her vehicle lacks probable cause, in her brief Lacey notes she abandoned her vehicle six days before she shot her ex-husband and his wife in a location approximately thirty to thirty-five miles from the crime scene. Property that has been abandoned may be searched and seized without a warrant. State v. Bauer, 127 Wis. 2d 401, 407, 379 N.W.2d 895 (Ct. App. 1985). Therefore, even if the warrant lacks probable cause, the police lawfully searched the vehicle.

IV. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 17 Lacey's final argument is that her trial counsel was ineffective. Lacey properly first raised this issue, along with many others, in her postconviction motions, all of which the trial court denied in a written order. However, Lacey has not made the postconviction motion hearing a part of the record. Thus, we cannot determine if the postconviction motion hearing included a Machner[5] hearing. Nevertheless, regardless of whether a Machner hearing was conducted, we must assume that the absent transcript of a hearing supports the trial court's finding that Lacey's counsel was not ineffective. See State v. McAttee, 2001 WI App 262, ¶ 5 n.1, 248 Wis. 2d 865, 637 N.W.2d 774 ("It is the appellant's responsibility to ensure completion of the appellate record and `when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the trial court's ruling.'" (Citation omitted)).
¶ 18 In sum, although we reject Lacey's arguments, we remand the case to the trial court with directions to the clerk's office to correct the second judgment of conviction to reflect Lacey was convicted of attempted first-degree intentional homicide.
By the Court.  Judgments and order affirmed and cause remanded with directions.
NOTES
[1] The State notes that Lacey's brief includes suggestions of other arguments. Many of Lacey's objections within her brief are interspersed with other objections and are not factually or legally developed. The State responds that to the extent Lacey intends to advance arguments that are distinct from those identified above, she has failed to develop the claims to a sufficient extent that a substantive response could be offered. See State v. Pettit, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

We agree and will not develop her arguments for her. While Lacey deserves some consideration due to her incarcerated, pro se status, see Waushara County v. Graf, 166 Wis. 2d 442, 451, 480 N.W.2d 16 (1992), this court does not have a duty to abandon our neutrality by walking pro se litigants through the appellate procedural requirements or to point them to the proper substantive law. The basic requirements that the brief state the issues, the facts necessary to understand them, and an argument on the issues may not be waived. See id. at 452. The six issues identified above are the only issues that have been sufficiently developed so as to be susceptible of appellate review. Accordingly, they will be the only issues we consider.
[2] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[3] To the extent Lacey relies on State v. Setagord, 187 Wis. 2d 340, 344, 523 N.W.2d 124 (Ct. App. 1994), for the proposition that when a trial court sentences a defendant to life imprisonment the court cannot find the defendant is ineligible for parole, WIS. STAT. § 973.014(1g)(c) now declares "[a] person sentenced to life imprisonment [for a crime committed on or after December 31, 1999] is not eligible for release on parole."
[4] We also note that the time limits contained in WIS. STAT. § 973.20(13)(c) are directory, not mandatory. State v. Johnson, 2002 WI App 166, ¶ 8, 256 Wis. 2d 871, 649 N.W.2d 284. Thus, even if the restitution hearing was scheduled outside of sixty days, Lacey would still be required to show prejudice.
[5] State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).