STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeremy T. GREENE, Defendant-Appellant.†

Court of Appeals

*No. 2007AP269–CR. Submitted on briefs August 27, 2007.
—Decided June 12, 2008.*

2008 WI App 100

(Also reported in 756 N.W.2d 411.)

† Petition to review denied 9/11/08.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kristen D. Schipper*, Middleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sally L. Wellman*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Higginbotham, P.J., Lundsten and Bridge, JJ.

¶ 1. HIGGINBOTHAM, P.J. Jeremy T. Greene, a prisoner in the custody of the Department of Corrections (DOC), appeals an amended order of restitution directing DOC to distribute ten percent of his prison "wages, earnings and accounts" to pay restitution. Greene argues the circuit court lacked the authority to direct DOC to access "accounts" holding gifted funds from friends and family to pay restitution. He further argues that the amended restitution order violates his double jeopardy protections, and that the order wrongfully increased his sentence in the absence of a new sentencing factor. We conclude that under WIS. STAT. § 973.20 (2005–06)[1] the court properly ordered Greene to pay restitution from funds held in his prison account, which presumably includes gifted funds. We also conclude that the order did not violate Greene's double jeopardy guarantees or wrongfully increase his sentence. We therefore affirm the circuit court's amended restitution order.

## BACKGROUND

¶ 2. In 2002, Greene was convicted of first-degree intentional homicide, burglary while armed with a dangerous weapon, and armed robbery with threat of force. He was sentenced to life imprisonment, and is eligible to petition for extended supervision in thirty-five years from his sentencing date. Greene and two co-defendants were declared jointly liable for restitution in the amount of $13,319.15.

¶ 3. In December 2005, the circuit court received a letter from the victim's parents indicating that they

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

had received only one restitution payment from Greene. The letter stated that the parents were informed by DOC officials that, under the restitution order, Greene would not have to make payments while incarcerated, and that such payments would begin only upon his release on extended supervision in 2037 at the earliest.

¶ 4. In January 2006, the circuit court issued an order directing DOC to "collect and distribute restitution as previously ordered, not just as a condition of extended supervision, but directly from the defendant's wages, earnings and accounts" at a rate of twenty-five percent. Upon Greene's postconviction motion, the circuit court reduced the disbursement percentage from twenty-five to ten percent. Greene appeals.

## DISCUSSION

*Payment of Restitution from Prisoner's Gifted Funds*

¶ 5. Greene argues that the circuit court exceeded its authority by ordering him to use gifted funds to pay restitution. Specifically, Greene maintains that the court erroneously relied on *State v. Baker*, 2001 WI App 100, 243 Wis. 2d 77, 626 N.W.2d 862, and its interpretation of WIS. STAT. § 303.01(8)(b),[2] in requiring him to

---

[2] WISCONSIN STAT. § 303.01(8)(b) provides in full:

The department shall distribute earnings of an inmate or resident, other than an inmate or resident employed under sub. (2)(em), for the crime victim and witness assistance surcharge under s. 973.045(4), for the delinquency victim and witness assistance surcharge under s. 938.34(8d)(c), for the deoxyribonucleic acid analysis surcharge under s. 973.046(4) and for compliance with s. 303.06(2) and may distribute earnings for the support of the inmate's or resident's dependents and for other obligations either acknowledged by the inmate or resident in

pay restitution from his "wages, earnings, and accounts" which, according to Greene, includes gifted funds. The State argues that the circuit court properly ordered restitution be paid from Greene's prisoner accounts under the restitution statute, Wis. Stat. § 973.20. We agree with the State.

■

¶ 6.    This case requires us to interpret statutes, a question of law that we review de novo. *City of Milwaukee v. Washington*, 2007 WI 104, ¶ 27, 304 Wis. 2d 98, 735 N.W.2d 111. The goal of statutory interpretation is to determine and give effect to the legislature's intent. *State v. Sprosty*, 227 Wis. 2d 316, 323–24, 595 N.W.2d 692 (1999).

¶ 7. Greene    maintains    that    Wis.    Stat. § 303.01(8)(b) and *Baker* authorize a circuit court to order DOC to disburse only "earnings" and "prison wages," respectively, to pay restitution, and that the circuit court erred in reading these authorities to permit disbursements from "accounts" as well, which may contain gifted funds, to pay restitution. He argues that "earnings" and "prison wages," by definition, do not include gifted funds, and therefore the circuit court's order that his restitution be paid from "accounts" that may contain such gifted funds as well as "wages" and "earnings" was erroneous.

■

¶ 8. Wisconsin Stat. § 303.01(8)(b) states in relevant part that DOC "may distribute earnings" of an

writing or which have been reduced to judgment that may be satisfied according to law. The department may also distribute earnings for the child pornography surcharge under s. 973.042 or the drug offender diversion surcharge under s. 973.043, but only if the inmate or resident has first provided for the reasonable support of his or her dependents.

inmate for crime victim and witness assistance surcharges, DNA analysis surcharges and "other obligations . . . which have been reduced to judgment that may be satisfied according to law." Interpreting this language in *Baker*, we concluded that "a judgment of conviction including an order to pay restitution is an other obligation reduced to judgment that may be satisfied according to law. Therefore, § 303.01(8)(b) gives the trial court the authority to order restitution be disbursed from prison wages." *Baker*, 243 Wis. 2d 77, ¶ 17 (citation omitted).

¶ 9. We agree with Greene that WIS. STAT. § 303.01(8)(b) does not authorize a circuit court to order a defendant to use his gifted funds to pay restitution. Section 303.01(8)(b) does not address a court's authority to order a defendant to use gifted funds to satisfy his restitution obligation.[3] However, this conclusion is not dispositive if a source of law other than § 303.01(8)(b) authorized the circuit court to issue such an order.

¶ 10. The circuit court concluded that its order was authorized by WIS. ADMIN. CODE § DOC 309.49(4)(e), which provides that DOC officials may disburse "general account funds" to pay "claims reduced to judg-

---

[3] It is not apparent why *State v. Baker*, 2001 WI App 100, ¶ 17, 243 Wis. 2d 77, 626 N.W. 2d 862, relied on WIS. STAT. § 303.01(8)(b) in holding that a court may order an inmate to use wages from his earnings account to pay restitution. As we explain *infra* ¶ 11–12, a circuit court derives its authority from WIS. STAT. § 973.20 to order that restitution be paid from all financial resources available to an inmate, including wages, earnings, and gifted funds. In any event, *Baker* was correctly decided, regardless whether the court properly relied on § 303.01(8)(b), because § 973.20 authorizes a circuit court to order an inmate to use wages and earnings to pay restitution.

ment."[4] The problem with the circuit court's reliance on WIS. ADMIN. CODE § DOC 309.49(4)(e) is that this rule addresses only the authority of the DOC to disburse funds to satisfy a judgment. Section DOC 309.49(4)(e) does not address the authority of a circuit court to issue an order of restitution, or, specifically, whether a circuit court may order that restitution be paid from "accounts" that contain gifted funds.

¶ 11. We turn instead to WIS. STAT. § 973.20, the restitution statute, to ascertain whether the circuit court was authorized to issue such an order. Section 973.20 governs restitution in criminal cases. Under this statute, the circuit court is required to order restitution for a crime considered at sentencing "unless the court finds substantial reason not to do so and states the reason on the record." Section 973.20(1r). Circuit courts are required under § 973.20(13)(a) to consider several factors in determining whether to order restitution and the amount thereof. *See* § 973.20(13)(a)2.-4.[5] One of these factors is a defendant's financial resources.

---

[4] Wisconsin Admin. Code § DOC 309.49(4) states in relevant part:

> The objectives of s. DOC 309.45 may be fulfilled by disbursements of general account funds in excess of the canteen limit including, but not limited to, the following:
>
> . . . .
>
> (e) To pay creditors' claims acknowledged in writing by the inmate and claims reduced to judgment. Such disbursements require approval by the superintendent. If necessary, the claims may be verified.

[5] WISCONSIN STAT. § 973.20(13)(a) provides:

> The court, in determining whether to order restitution and the amount thereof, shall consider all of the following:
>
> 1. The amount of loss suffered by any victim as a result of a crime considered at sentencing.

¶ 12.    We observe that WIS. STAT. § 973.20 does not limit the consideration of a defendant's ability to pay to funds derived from earnings or wages only. In interpreting the restitution statute, we construe its provisions "broadly and liberally in order to allow victims to recover their losses as a result of a defendant's criminal conduct." *State v. Anderson*, 215 Wis. 2d 673, 682, 573 N.W.2d 872 (Ct. App. 1997). Applying this interpretative principle, we conclude that "financial resources" refers to all financial resources available to the defendant at the time of the restitution order, including gifted funds, except where otherwise provided by law.[6] Because a circuit court may consider all sources of funds held by a defendant in determining the amount of restitution, it follows that a court may also order a defendant to pay restitution out of all funds held or available to a defendant, including gifted funds. We therefore conclude that, under § 973.20, a circuit court has the authority to order a defendant to pay restitution from all of his or her "financial resources," including gifted funds, available at the time of the restitution order and as funds become available to the defendant at a later time.

---

2. The financial resources of the defendant.

3. The present and future earning ability of the defendant.

4. The needs and earning ability of the defendant's dependents.

5. Any other factors which the court deems appropriate.

[6] For example, restitution may not be paid from a defendant's Employee Retirement Income Security Act (ERISA) pension account under ERISA's anti-alienation clause. *See State v. Kenyon*, 225 Wis. 2d 657, 659, 666, 593 N.W.2d 491 (Ct. App. 1999).

¶ 13. This conclusion is consistent with the strong equitable public policy underlying WIS. STAT. § 973.20 "that victims should not have to bear the burden of losses if the defendant is capable of making restitution." *State v. Kennedy*, 190 Wis. 2d 252, 258, 528 N.W.2d 9 (Ct. App. 1994). One of the primary purposes of § 973.20 is to compensate the victim. *State v. Madlock*, 230 Wis. 2d 324, 332, 602 N.W.2d 104 (Ct. App. 1999). To effectuate this purpose, circuit courts may require a defendant to use all of his or her financial resources, as defined above, to compensate the victim. Otherwise, a defendant such as Greene could shelter gifted funds from a court's restitution order regardless of the amount of funds gifted and the inmate's ability to pay.

*Double Jeopardy and Resentencing Arguments*

¶ 14. Greene next argues that the amended restitution order violated his right to be free from double jeopardy. Whether a defendant's double jeopardy guarantees have been violated is a question of law that we review de novo. *State v. Gruetzmacher*, 2004 WI 55, ¶ 15, 271 Wis. 2d 585, 679 N.W.2d 533.

¶ 15. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, § 8 of the Wisconsin Constitution protect individuals from being subjected to multiple trials and multiple punishments for the same offense. *United States v. DiFrancesco*, 449 U.S. 117, 129 (1980). A determination of whether a second judgment violated the defendant's right of double jeopardy turns on whether the defendant had a legitimate expectation of

221

finality in the first judgment. *See Gruetzmacher*, 271 Wis. 2d 585, ¶ 39; *State v. Willett*, 2000 WI App 212, ¶ 6, 238 Wis. 2d 621, 618 N.W.2d 881. Double jeopardy protection applies to restitution orders. *See State v. Ziegler*, 2005 WI App 69, ¶ 19, 280 Wis. 2d 860, 695 N.W.2d 895.

¶ 16.   Greene's double jeopardy argument focuses on the fact that DOC, in applying the original restitution order, did not distribute funds from his accounts to pay restitution in the three years prior to the entry of the amended restitution order. Greene argues that after three years of not paying restitution he had a legitimate expectation of finality in the original restitution order, and that the subsequent amended order, which directed DOC to start paying restitution from Greene's prison accounts, violated double jeopardy principles.

¶ 17.   As support, Greene cites our decision in *Ziegler*. There, the circuit court ordered the defendant to pay restitution, but left the amount undetermined. Approximately fourteen years after the conviction, when the offender was to be released from prison, the court ordered the offender to pay $95,379.61. The *Ziegler* court reversed the restitution order, concluding that the trial court lacked the statutory authority to amend the judgment and order restitution after a fourteen-year delay. *Id.*, ¶ 12. The court further concluded that there was no good reason for the delay, and that Ziegler was prejudiced by it. *Id.*, ¶¶ 15, 20. Greene argues that, as in *Ziegler*, the circuit court here lacked the authority to amend the order of restitution, there was no good reason for the three-year delay, and the delay in this case prejudiced him.

¶ 18.   We conclude that the amended restitution order in this case did not violate Greene's double

jeopardy rights. The amended restitution order merely clarified the original order, which was arguably ambiguous on the issue of when payment of restitution would occur. The original restitution order was made during the court's oral sentencing decision and occurred immediately after the court discussed the conditions of extended supervision imposed on Greene. The timing of the court's oral restitution order could be reasonably understood as either falling under the conditions for extended supervision or as part of the overall sentencing order. Once the ambiguity was brought to the court's attention, the court clarified its intent that restitution be paid while Greene was in prison and, if not fully satisfied, after he left prison under terms to be established by his supervising agent. The amended order for restitution reflected this clarification. The amended restitution order did not alter the restitution amount or any other term set forth in the original order. The amended order therefore did not dash any expectation of finality that Greene reasonably had in the original restitution order.

¶ 19. Moreover, unlike the *Ziegler* case, here the amount of restitution was set at judgment. Additionally, the initial order in this case was timely, while the circuit court in *Ziegler* failed to follow a statute that expressly required it to determine the amount of restitution within sixty days of sentencing, Wis. Stat. § 973.20(13)(c). Ziegler was prejudiced by the circuit court's order to pay nearly $100,000 in restitution because, fourteen years earlier, the circuit court had lost the authority to order any amount in restitution. Here, Greene has not demonstrated he was prejudiced by the amended order because it only clarified when he would be required to start paying the restitution established in the original order.

¶ 20.   Finally, Greene contends that the circuit court's amended restitution order wrongfully increased his sentence without demonstrating that a new factor merited sentence modification. *See Scott v. State*, 64 Wis. 2d 54, 59, 218 N.W.2d 350 (1974) (sentencing court may not increase sentence upon "reflection alone," absent a "new factor"). We reject Greene's premise that the amended restitution order modified Greene's original sentence, for many of the same reasons considered above. As we explained, the amended order did not alter any portion of the original order; it merely clarified when Greene would be required to begin paying the ordered amount. Furthermore, clarifying when Greene would be required to begin paying restitution does not increase his sentence by any measure. In other words, the length of Greene's sentence was not increased and the amended order did not increase the amount of restitution Greene is to pay. We therefore conclude that the amended order did not constitute an unconstitutional resentencing.

## CONCLUSION

¶ 21.   In sum, we conclude that, under WIS. STAT. § 973.20 and the case law interpreting that statute, the circuit court properly ordered Greene to use money from his accounts, which presumably includes gifted funds, to satisfy his restitution obligation. We also conclude that the amended restitution order did not violate Greene's double jeopardy guarantees or wrongfully increase his sentence. We therefore affirm the circuit court's amended restitution order.

*By the Court.*—Order affirmed.