STATE of Wisconsin, Plaintiff-Respondent,

v.

Johnathon C. BORST, Defendant-Appellant.†

Court of Appeals

*No. 92–2439–CR. Submitted on briefs May 6, 1993.—Decided December 9, 1993.*

(Also reported in 510 N.W.2d 739.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *Mark D. Lawton* of *Mark D. Lawton, S.C.* of Portage.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, with *Mary V. Bowman*, assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   Johnathon Borst appeals from the three amended judgments of conviction we describe in this opinion. He challenges the restitution provisions in the judgments. He asserts (1) that the trial court erred in holding that because restitution was

overlooked when Borst was originally sentenced, restitution was a new factor that justified amending the sentence to include restitution and (2) that the amendments requiring him to pay restitution have subjected him to double jeopardy. We conclude that the trial court possessed inherent authority to correct its first judgment by amending the sentence to include restitution, and that the prohibition against double jeopardy was not violated. We therefore affirm.

On March 23, 1992, Borst pleaded no contest to four forgery counts, for crimes committed in 1991, contrary to sec. 943.38(2), Stats. Nothing was mentioned in the plea agreement or the plea questionnaire about restitution. At the sentencing hearing held on March 30, 1992, the parties confirmed their plea agreement. The trial court sentenced the defendant to concurrent five-year terms on each count, and stayed the sentence for "a day or two." The judgment of conviction entered that day is not of record, but the parties agree it did not provide for restitution.

On April 8, 1992, the prosecutor moved that the court order restitution for the amounts of the various checks involved in the four counts and in the several forgery charges that had been dismissed and read in. Borst's counsel claimed that restitution had not been discussed during the plea negotiations, and he moved to withdraw Borst's plea. The prosecutor asserted that in an earlier correspondence, the parties had referred to restitution, even though the plea agreement did not refer to it. The court ruled that in cases "of this nature, it's always the [court's] intention to include restitution," and therefore it would amend the judgment of conviction accordingly. The court denied Borst's motion to withdraw his plea.

After the April hearing, the trial court entered the first amended judgment before us, dating it March 31, 1992. The amended judgment convicts Borst on five counts of forgery and provides that he is to pay restitution totaling $2552.27, and further provides, "Sentence is stayed for one or two days to complete other matters." The other matters are not specified. The trial court later entered a second amended judgment of conviction, also dated March 31, 1992. The day of actual entry is not of record. This judgment corrects the first amended judgment by decreasing the number of convictions from five to four.

On July 31, 1992, Borst moved to modify his sentence on grounds that the trial court lacked jurisdiction to order restitution after it had sentenced him without ordering restitution. At the hearing on the motion, he argued that the court subjected him to double jeopardy when it added the requirement that he pay restitution.

On August 21, 1992, the trial court denied Borst's motion to modify. The court ruled that an order to pay restitution to a victim of a crime is not punishment. Therefore Borst was not subjected to double jeopardy. It ruled that restitution was a new factor which had been inadvertently omitted from the original sentence. The state had sought restitution, the court had intended to order restitution, and adding restitution to the sentence corrected the oversight.

On August 21, 1992, the court entered the third amended judgment. This judgment increased restitution to a total of $2,706.67. The amount ordered is not an issue. Nor is the court's procedure challenged, except its adding restitution.

Section 973.20(1), Stats., provides in relevant part:

> When imposing sentence . . . for any crime, the court, in addition to any other penalty authorized

by law, *shall* order the defendant to make full or partial restitution under this section to any victim of the crime . . . unless the court finds substantial reason not to do so and states the reason on the record. [Emphasis added.]

The state's theory is that because Borst's first sentence violated sec. 973.20(1), Stats., the sentence was "illegal" and could be corrected at any time, even if Borst had already started serving his sentence. The trial court's August 1992 decision did not articulate that theory, but we may affirm a correct decision for reasons the court did not rely on. *State v. Baudhuin*, 141 Wis. 2d 642, 648, 416 N.W.2d 60, 62 (1987). Because we conclude that sec. 973.20(1) imposes a mandatory duty on a sentencing court to provide for restitution, and the original sentence was "illegal" in the sense that it was incomplete without restitution or the explanation required by the statute, the court properly amended its sentence to order restitution.

The direction in sec. 973.20(1), Stats., that when imposing sentence or ordering probation the court "shall order the defendant to make full or partial restitution," is unambiguously mandatory. The word "shall" is normally understood to be mandatory, *C.A.K. v. State*, 154 Wis. 2d 612, 621-22, 453 N.W.2d 897, 901 (1990) (citation omitted), and nothing in the statutory context suggests that it is used in a permissive sense. The court shall impose restitution unless it finds substantial reason not to do so and states the reason on the record. Section 973.20(1). The fact that the trial court must consider various factors when deciding whether to order restitution does not detract from the mandatory nature of the direction that the court "shall"

122

order restitution unless it finds a substantial reason not to do so and states the reason on the record.

■■■■

Borst's contention that the trial court lacks jurisdiction to amend its sentence has no merit. The Wisconsin Constitution vests the circuit courts with plenary subject matter jurisdiction. *Eberhardy v. Circuit Court*, 102 Wis. 2d 539, 549-50, 307 N.W.2d 881, 886 (1981). Moreover, the common law rule in this state is that a trial court has inherent power to change and modify its judgment even after a defendant has begun to serve a criminal sentence. *State v. Martin*, 121 Wis. 2d 670, 673-74, 360 N.W.2d 43, 45 (1985). Nothing in sec. 973.20(1), Stats., purports to deprive the circuit court of its competency to exercise that power.

The original sentence was unlawful, in the sense that the court failed in its mandatory duty to order restitution or to give its reasons on the record for not doing so. Assuming without deciding that restitution ordered under sec. 973.20(1), Stats., is punishment, a trial court may increase a criminal sentence if the initial sentence is "illegal." An increase to make the sentence "legal" does not violate the prohibition against double jeopardy. *Martin*, 121 Wis. 2d at 678, 360 N.W.2d at 47.

The federal courts have reached the same conclusion on facts similar to those before us. When sentencing a defendant, a federal district court "may order, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense." 18 U.S.C. § 3663(a)(1). Section 973.20, Stats., was modeled after 18 U.S.C. § 3663, except that the Wisconsin statute provides that the court "shall" order restitution. *State v. Szarkowitz*, 157 Wis. 2d 740, 751-

52, 460 N.W.2d 819, 823-24 (Ct. App. 1990). However, the federal sentencing guidelines generally require a district court to impose restitution as part of the sentence for convictions, unless full restitution has already been made or the court "determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution . . . outweighs the need to provide restitution to any victims." UNITED STATES SENTENCING COMM'N, FEDERAL SENTENCING GUIDELINES MANUAL, sec. 5E1.1(a)(1), Commentary (1993 ed.). The court must state its reasons if it does not order restitution or orders only partial restitution. *Id.; United States v. Uccio*, 917 F.2d 80, 87 (2nd Cir. 1990). The *Uccio* court held that where a federal district court did not consider restitution at the time of sentencing, it can remedy its error by adding restitution within the time allowed for either party to appeal, and the addition of restitution needed to make the sentence lawful does not subject the defendant to double jeopardy. *Id.*

Having concluded that the trial court has inherent power to amend its sentence by directing that Borst pay restitution without subjecting him to double jeopardy, we do not reach the trial court's holding that a new factor justifies modification of the sentence.

The dissenting judge contends that due process requires that Borst be given a hearing to determine whether the court should order restitution in certain amounts. Whether Borst should have had a hearing is not argued on appeal. Not once in his brief on appeal does he complain that he was not granted a hearing. We are normally not to consider or decide issues unless specifically raised on appeal. *Waushara County v. Graf*, 166 Wis. 2d 442, 451, 480 N.W.2d 16, 19 (1992). At a

hearing on Borst's motion to modify his sentence to eliminate restitution, his counsel said Borst should have a right to a hearing on the issue of restitution. The prosecution immediately responded that if the defendant wanted a hearing on the amount of restitution the prosecutor would "have no problem with that. We could schedule that." Counsel for Borst never accepted the offer. The most that can be said about the dissenting opinion is that Borst waived the right to a hearing, both at the trial court level and on appeal.

We see no reason to affirm all three amended judgments. The last amended judgment, entered on August 21, 1992, supersedes the previous judgments. We therefore affirm that judgment, since it is the trial court's final disposition of this matter.

*By the Court.*—Judgment affirmed.

SUNDBY, J. (*dissenting*). I agree that defendant Johnathon Borst should pay restitution to the numerous victims he bilked by uttering forged checks. I do not agree, however, that the trial court could "correct" Borst's judgment of conviction to require restitution, without following sec. 973.20(13), Stats. If we approve the procedure followed in this case, the state and the trial court may avoid the "nuisance" of permitting the defendant to be heard on the issue of restitution by simply entering a judgment of conviction without restitution and later "correcting" the judgment to include restitution. Plainly, this approach not only violates sec. 973.20(13), Stats., but denies a criminal defendant procedural due process. In *State v. Foley*, 142 Wis. 2d 331, 345-47, 417 N.W.2d 920, 927-28 (Ct. App. 1987), we reversed and remanded for further proceedings a resti-

tution order which did not consider the probationer's financial resources and future ability to pay.

Section 973.20(1), Stats., provides in part:

> When imposing sentence or ordering probation for any crime, the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution *under this section* to any victim of the crime . . . unless the court finds substantial reason not to do so and states the reason on the record. [Emphasis added.]

This provision imposes a mandatory duty upon the trial court, as does sec. 973.20(13), which provides in part:

> (a) The court, in determining whether to order restitution and the amount thereof, *shall* consider all of the following:
>
> 1. The amount of loss suffered by any victim as a result of the crime.
>
> 2. The financial resources of the defendant.
>
> 3. The present and future earning ability of the defendant.
>
> 4. The needs and earning ability of the defendant's dependents.
>
> 5. Any other factors which the court deems appropriate.
>
> . . . .
>
> (c) The court, *before imposing sentence* or ordering probation, *shall* inquire of the district attorney regarding the amount of restitution, if any, that the victim claims. *The court shall give the defendant the opportunity . . . to present evidence and arguments on the factors specified in par. (a).* . . . [Emphasis added.]

Section 973.20(14) provides:

At any hearing under sub. (13), all of the following apply:

. . . .

(d) All parties interested in the matter *shall* have an opportunity to be heard, personally or through counsel, to present evidence and to cross-examine witnesses called by other parties. . . . [Emphasis added.]

At the sentencing hearing, the trial court reviewed Borst's plea questionnaire with him. Borst stated in the plea questionnaire that his understanding of the plea agreement was as follows:

8. I have entered into . . . a plea agreement. My understanding of the plea agreement is that[:] plea into four counts of forgery—3 year prison [term] on all counts to run concurrent—with credit for time served from October 16, 1992[,] and the three year prison term is to run concurrent with misdemeanor charges pending in Sawyer and Winnebago Counties.

The plea questionnaire is silent as to restitution.

However, the trial court did not comply with sec. 973.20(13)(c), Stats., which required it to inquire of the district attorney regarding the amount of restitution, if any, that the victim(s) claims. The trial court's omission is understandable because the district attorney did not mention restitution when he stated the terms of the plea agreement on the record.

When the state moved the court to order restitution, Borst moved to be allowed to withdraw his plea. The court denied Borst's motion on the grounds that it was the intent of the state and of the court that restitution be ordered. However, the court did not give Borst the opportunity to present evidence and arguments on

127

the factors specified in sec. 973.20(13)(a), as required by paragraph (c).

Borst subsequently moved the court to modify his sentence to delete the restitution requirement from the judgment. In the alternative, he requested the right to a hearing on the issue of restitution. The district attorney stated: "[I]f the defendant wants a restitution hearing on the amount of restitution, I have no problem with that. We could schedule that." However, the trial court concluded that it was not necessary to allow Borst to be heard because the amendment of the judgment to reflect restitution was simply "to correct an oversight." Whether failure to order restitution in the original judgment was only an "oversight" is not the question; the question is whether Borst is entitled to be heard on the question of restitution. Because the statutes clearly and unambiguously give him that right, I would reverse the order and remand for proceedings at which Borst may be heard on the restitution issue.[1]

---

[1] In response to my dissent, the majority now argues that Borst waived his right to be heard on the issue of restitution when he did not "accept" the district attorney's "offer" that if Borst wanted a restitution hearing, "We could schedule that." There was nothing for Borst to accept. The trial court had to accept the district attorney's offer because only it could schedule a restitution hearing. Borst had already insisted that he had a right to be heard on the issue of restitution. Further, the trial court failed to comply with sec. 973.20(13)(c), Stats., which provides in part: "The court, before imposing sentence or ordering probation, *shall* inquire of the district attorney regarding the amount of restitution, if any, that the victim claims." (Emphasis added.) The trial court failed to comply with this mandatory requirement. Borst did not waive his right to be heard.