STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeffrey Kenneth KROHN, Defendant-Appellant.

Court of Appeals

No. 01–1832–CR. *Submitted on briefs February 6, 2002.—Decided March 5, 2002.*

2002 WI App 96

(Also reported in 643 N.W.2d 874.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jeffrey Kenneth Krohn, pro se*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *William C. Wolford*, assistant attorney general.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

¶ 1. SCHUDSON, J. Jeffrey Kenneth Krohn,[1] *pro se,* appeals from the judgment of conviction for two counts of burglary, the order denying his motion to vacate the restitution order, and the order denying his motion for reconsideration.[2] He argues that the court set restitution in violation of WIS. STAT. § 973.20(13)(c),[3]

---

[1] The record reveals that the appellant has obtained at least one form of identification under an alias; it also reveals that in documents contained in the record, he regularly signed his first name using a variety of spellings: "Jeffrey," "Jeff," "Geoffrey," and "Geoff." At a December 1, 1997 hearing, he stated that the spelling of his first name for "the criminal stuff is J-e-f-f."

[2] Judge Michael J. Barron convicted Krohn and issued the order setting restitution. Judge Jeffrey A. Wagner issued the orders denying the motion to vacate the restitution order and denying the motion for reconsideration.

[3] Because WIS. STAT. § 973.20(13)(c) has not changed since Krohn was sentenced, all references to the Wisconsin Statutes will be to the 1999–2000 version. Section 973.20(13)(c) provides, in relevant part:

> If the defendant stipulates to the restitution claimed by the victim or if any restitution dispute can be fairly heard at the sentencing proceeding, the court shall determine the amount of restitution

as construed by this court in *State v. Evans*, 2000 WI App 178, 238 Wis. 2d 411, 617 N.W.2d 220, *review denied*, 2001 WI 1, 239 Wis. 2d 773, 621 N.W.2d 629. The State concedes that Krohn is correct.

¶ 2. Krohn requests that we vacate the restitution order and also asks that, as a result of the circuit court's error, he be relieved of any obligation to pay restitution. We conclude, however, that in this case the proper remedy is a remand to the circuit court for a proper restitution determination and order. Accordingly, we: (1) reverse the portion of the judgment of conviction that addresses restitution; (2) reverse the orders deny-

---

before imposing sentence or ordering probation. In other cases, the court may do any of the following:

1. Order restitution of amounts not in dispute as part of the sentence or probation order imposed and direct the appropriate agency to file a proposed restitution order with the court within 90 days thereafter, and mail or deliver copies of the proposed order to the victim, district attorney, defendant and defense counsel.

2. Adjourn the sentencing proceeding for up to 60 days pending resolution of the amount of restitution by the court, referee or arbitrator.

3. With the consent of the defendant, refer the disputed restitution issues to an arbitrator acceptable to all parties, whose determination of the amount of restitution shall be filed with the court within 60 days after the date of referral and incorporated into the court's sentence or probation order.

4. Refer the disputed restitution issues to a court commissioner or other appropriate referee, who shall conduct a hearing on the matter and submit the record thereof, together with proposed findings of fact and conclusions of law, to the court within 60 days of the date of referral. Within 30 days after the referee's report is filed, the court shall determine the amount of restitution on the basis of the record submitted by the referee and incorporate it into the sentence or probation order imposed. The judge may direct that hearings under this subdivision be recorded either by audio recorder or by a court reporter. A transcript is not required unless ordered by the judge.

759

ing Krohn's motion to vacate and his motion to reconsider; and (3) remand with instructions to vacate the restitution order, properly determine restitution, and enter the appropriate restitution order.

## I. BACKGROUND

¶ 3. On December 2, 1997, in two cases, Krohn pled no contest to a total of three counts of burglary; one additional count of burglary, one count of forgery-uttering, and one count of theft by fraud were dismissed but read-in for purposes of sentencing and restitution. At sentencing, Krohn agreed that he should pay restitution on all counts, stating, "All I can do is pay back the money to the people, you know, on the property." The court sentenced Krohn to eighty months in prison for one burglary count, concurrent with a sentence for a case from Waukesha county; eighty months in prison on the second burglary count, consecutive to the other eighty months but concurrent with the sentence for the Waukesha county case; and ten years in prison on the third burglary count, consecutive to the other two counts, stayed, with "ten years['] consecutive probation." According to the judgment of conviction for the case underlying this appeal, the court ordered that restitution was "TO BE DETERMINED" and that "ALL MONIES OWED ARE TO BE PAID FROM 25% OF PRISON PAY."

¶ 4. Krohn's probation/parole agent submitted a restitution memorandum to the court, dated August 24, 1998, advising that three victims had submitted restitution claims totaling $29,596.24, and further advising that Krohn disputed the amount. A restitution hearing was held and, on January 28, 1999, Krohn stipulated to restitution of $24,374.10 and waived his right to any

further hearing to contest the amount. Accordingly, the court entered a restitution order for $24,374.10.[4]

¶ 5. On May 18, 2001, Krohn filed a motion to vacate the restitution order. He contended that the circuit court had violated Wis. Stat. § 973.20 and *Evans* by failing to determine restitution within the statutory time limit after sentencing.[5] The circuit court denied this motion and the subsequent motion for reconsideration.

## II. DISCUSSION

¶ 6. As we recently explained, "Restitution is governed by Wis. Stat. § 973.20, which requires courts to order full or partial restitution 'under this section' to any victim of a crime 'unless the court finds substantial reason not to do so and states the reason on the record.' " *Evans*, 2000 WI App 178 at ¶ 13. We traced the four alternative procedures, under § 973.20(13)(c), by which a court, at sentencing, could postpone the determination of restitution amounts. *Id.* at ¶ 13. We concluded, "Restitution is a statutory process and where . . . a court constructs its own procedure to determine and set restitution—and that procedure is

---

[4] The January 28, 1999 order addresses restitution regarding only the case underlying this appeal—the one in which Krohn was convicted on two counts of burglary.

[5] In his motion, Krohn contended that the court "must determine restitution within 60 days after [sentencing] or the court loses competency." The statute, however, while providing that restitution submissions to the court must come within sixty days of the date on which the court refers the matter to a referee, allows an additional thirty days for the court's determination of the amount of restitution based on the referee's report. *See* Wis. Stat. § 973.20(13)(c)4.

not authorized by the applicable and controlling law—the decision cannot stand." *Id.* at ¶ 15.

¶ 7. Here, the State, quoting *Evans*, 2000 WI App 178 at ¶ 14, concedes that the court "failed to comply with any of the 'four separate, alternative procedures to be used by courts in cases where restitution is ordered and the amount, for whatever reason, is unable to be determined at the sentencing hearing.' " Accordingly, the State agrees that the restitution order should be vacated.

¶ 8. The State maintains, however, that we should also remand the case for a restitution determination in compliance with WIS. STAT. § 973.20(13). The State points out that "[n]othing in *Evans* precludes this court from remanding this case to the circuit court to allow the circuit court to determine restitution in a manner that is in compliance with . . . § 973.20(13)." The State is correct; *Evans* did not address whether a court could do so.

¶ 9. The State argues that "remand is particularly appropriate in this case since Krohn agreed to pay restitution at the sentencing hearing and subsequently stipulated to the amount of restitution in lieu of holding a restitution hearing." Given the guidance of *State v. Perry*, 181 Wis. 2d 43, 510 N.W.2d 722 (Ct. App. 1993), we agree.

¶ 10. In *Perry*, we concluded that the "restitution determination period" of WIS. STAT. § 973.20(13)(c)2 is directory, not mandatory. *Id.* at 53. *Perry*, however, is distinguishable from the instant case. In *Perry*, we noted that "[o]ther than the time frame, the procedures undertaken by the trial court to determine [the defendant's] restitution obligation conformed with sec. 973.20(13)(c)2." *Id.* Here, however, the sentencing court not only failed to determine restitution within the

statutory "time frame," but also failed to follow any of the four alternative statutory procedures—each of which specifies at least one time limit—for postponing the restitution determination beyond the time at which sentence is imposed.

¶ 11. Does that distinction make any difference? In this case, we think not. As we explained:

> The overall objective of [WIS. STAT. § 973.20] is to efficiently compensate crime victims for their pecuniary loss. . . .
>
> . . . .
>
> . . . Construing the time period as mandatory could result in forcing a victim, as a result of circumstances beyond anyone's control, to go through the time, inconvenience and expense of a civil suit in order to recover pecuniary losses.
>
> Construing the time period as directory has no such negative consequence. In fact, *it allows restitution proceedings held outside of the statutory time period for valid reasons* to be upheld, thus achieving the overall goal of restitution.

*Id.* at 54–56 (citations and footnote omitted; emphasis added). Here, "for valid reasons," a proper restitution determination, albeit outside the statute's directory time frame, is needed to "achiev[e] the overall goal of restitution." *See id.* at 56.

¶ 12. Krohn agreed that restitution was appropriate. Ultimately, he stipulated to the amount. He never asked the sentencing court to determine restitution under any of the specific statutory procedures of WIS. STAT. § 973.20(13)(c). He never objected to either the "TO BE DETERMINED" condition or the procedure by which the probation/parole agent obtained restitution

763

information and arranged for the court's restitution hearing. On the strength of this court's decision in *Evans*, however, he sought to vacate the restitution order and now seeks to deny the victims their restitution.

¶ 13. While we accept Krohn's challenge to the circuit court's restitution order, we reject his attempt to prevent the court from properly determining restitution and issuing the appropriate restitution order. Consistent with "the goal [of WIS. STAT. § 973.20] of facilitating complete restitution for the victim," *see Perry*, 181 Wis. 2d at 56, we: (1) reverse the portion of the judgment of conviction that addresses restitution; (2) reverse the orders denying Krohn's motion to vacate and his motion to reconsider; and (3) remand the case to the circuit court with instructions to vacate the restitution order, determine restitution in a manner consistent with the requirements of § 973.20(13), and enter the appropriate restitution order.

*By the Court.*—Judgment affirmed in part and reversed in part; orders reversed; and cause remanded with instructions.