STATE of Wisconsin, Plaintiff-Respondent,

v.

Scott Edward ZIEGLER, Defendant-Appellant.

Court of Appeals

*No. 04–0848–CR. Oral argument February 22, 2005.—Decided March 30, 2005.*

**2005 WI App 69**

(Also reported in 695 N.W.2d 895.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of and oral argument by *Martha K. Askins*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent-respondent, the cause was submitted on the brief of *Shunette T. Campbell*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general. There was oral argument by *Shunette T. Campbell*.

Before Anderson, P.J., Brown and Nettesheim, JJ.

¶ 1. ANDERSON, P.J. The original judgment of conviction in this case was entered in 1989. It provided that restitution to the victim of Scott Edward Ziegler's act of party to the crime of arson was "to be determined." In late 2003, approximately fourteen years

later, the State, after being prompted by the victim, requested a restitution determination. After an evidentiary hearing, the trial court amended the judgment of conviction to reflect restitution in the amount of $95,379.61. On appeal, Ziegler argues that the trial court lacked the statutory authority to impose restitution after the fourteen-year delay. He maintains that there were no valid reasons for the delay and that he was prejudiced by it. He asks that we vacate the portion of the amended judgment imposing restitution. We agree and reverse that part of the judgment relating to restitution.

## BACKGROUND

¶ 2. In February 1989, the State charged Ziegler with, among other things, one count of party to the crime of arson. The complaint states that the victim claimed approximately $100,000 in damages to his uninsured property.

¶ 3. In December 1989, Ziegler pled no contest to party to the crime of arson. At the sentencing hearing, the trial court imposed and stayed a sentence of seven years and ordered probation for eight years to be served consecutive to Ziegler's prison sentence in another case. The court further indicated that it would order, as a condition of probation, that Ziegler "make a good faith effort to pay some restitution." However, according to the written judgment, restitution was "to be determined."

¶ 4. More than nine years later, in February 1999, the Department of Probation and Parole filed a request for a restitution determination. The trial court amended the judgment two days later to reflect restitution in the amount of $101,819.82 to be paid to the victim.

¶ 5. In October 2000, Ziegler filed a motion to vacate the portion of the amended judgment ordering

864

restitution. At the November motion hearing, the following exchange took place between the court and the State:

THE COURT: Well, I will hear from the State. What's their position?

[STATE]: Judge, Mr. Bundy from the district attorney's office assigned me this case, which was technically Mr. Haughney's case and Mr. Haughney now is a judge, and he asked me to find something to argue against the defendant's motion to vacate the restitution order, and I researched it all last weekend and I cannot find anything to argue against it. So, given that the State is not objecting to [Ziegler's] motion.

THE COURT: Which portion, either portion, or to one portion?

[STATE]: His motion to vacate the restitution order. I don't believe based upon my research the Court can order that given that there has been a violation of the time limits.

THE COURT: That seems to take care of your argument.

The Court has reviewed the statutory authority as well as the case law that [Ziegler] cited, and on that basis the Court will grant [Ziegler's] motion. I will vacate the amended judgment, or the amendment to the judgment of conviction that was dated February 12, 1999. I will sign an appropriate order to that.[1]

---

[1] The State seems to argue that at this hearing it conceded only that the 1999 amended judgment was partially invalid simply because it was entered without an evidentiary hearing. However, as this exchange clearly demonstrates, the State conceded that the trial court lacked the authority to order restitution because of the time limits in WIS. STAT. § 973.20 (2003–04).

The trial court subsequently vacated the amended the judgment of conviction to the extent it imposed restitution.

¶ 6. In July 2003, the victim learned that Ziegler was to be released from prison and contacted the State inquiring about the possibility of restitution payments. In August 2003, the State sent a letter to the trial court requesting additional restitution hearings. Ziegler filed a motion opposing the State's request.

¶ 7. In September 2003, the victim sent a letter to the State outlining his claimed damages. The victim wrote, "Enclosed is the best documentation I have for our loss after all these years. Actual bills were provided at the time of the loss but were destroyed along with other business papers after the business had been closed." He attached an itemized "Statement for Restitution" form from the City of Waukesha Police Department that was signed and dated October 20, 1988, and claimed a total of $99,879.61 in damages.[2] He also attached the results of appraisals of the property done in 1985.

¶ 8. In October 2003, the trial court held a hearing during which the parties set forth their arguments concerning the propriety of a restitution hearing. The State argued that pursuant to WIS. STAT. § 973.20 the court was required to set restitution in every case. The

All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] The "Statement for Restitution" listed the following in damages: $66,100 for the assessed value of the building; $3500 for the seats in the building, which was a movie theater; $1000 for a speaker and clocks; and $29,279.61 total costs for demolition. The demolition costs were broken down as follows: $30 for a demolition permit; $26,000 to SCS of Wisconsin for the demolition of the building; and $3249.61 as a nonfinal amount to Waukesha Lime & Stone.

State further asserted that the victim in the case had both a statutory and constitutional right to restitution and asked that the court "put this back on track" and order restitution. Ziegler argued that the State was barred from requesting restitution by the statute of limitations and the doctrines of waiver, laches, res judicata and judicial estoppel. Ziegler pointed out that he had already served his sentence and was out on parole. The court granted the State's request for a restitution hearing.

¶ 9.  The court held the restitution hearing in November. The court heard testimony regarding the amount of the victim's loss, which was disputed, and Ziegler's ability to pay. The court determined that the victim's loss amounted to $95,379.61 and ordered restitution in that amount. The court amended the judgment of conviction to reflect restitution.[3] Ziegler appeals.

## STANDARD OF REVIEW

■

¶ 10.  Ziegler argues that the trial court lacked the statutory authority to amend the judgment of conviction and impose restitution. The scope of a trial court's authority to order particular conditions of probation, including restitution, presents a question of statutory interpretation that we review de novo. *See State v. Baker*, 2001 WI App 100, ¶ 4, 243 Wis. 2d 77, 626 N.W.2d 862.

---

[3] The second amended judgment ordered Ziegler to pay $150 per month towards his restitution obligation, with the amount to increase to $200 per month in the beginning of July 2004. The third amended judgment noted that restitution was to be paid jointly and severally with Ziegler's codefendant. It also directed Ziegler to pay $150 per month towards his restitution obligation and stayed the increase in the payments pending Ziegler's appeal.

Trial courts have discretion in deciding on the amount of restitution and in determining whether the defendant's criminal activity was a substantial factor in causing any expenses for which restitution is claimed. *State v. Canady*, 2000 WI App 87, ¶¶ 6, 12, 234 Wis. 2d 261, 610 N.W.2d 147; *State v. Behnke*, 203 Wis. 2d 43, 57–58, 553 N.W.2d 265 (Ct. App. 1996).

## DISCUSSION

¶ 11.   As we have repeatedly explained, "Restitution is governed by Wis. Stat. § 973.20, which requires courts to order full or partial restitution 'under this section' to any victim of a crime 'unless the court finds substantial reason not to do so and states the reason on the record.' " *State v. Evans*, 2000 WI App 178, ¶ 13, 238 Wis. 2d 411, 617 N.W.2d 220; *see also* § 973.20(1r). A sentence that fails to provide for restitution is unlawful and is subject to amendment.[4] *State v. Borst*, 181 Wis. 2d 118, 122–23, 510 N.W.2d 739 (Ct. App. 1993).

---

[4] We note that *State v. Borst*, 181 Wis. 2d 118, 510 N.W.2d 739 (Ct. App. 1993), is distinguishable from this case. In *Borst*, the court was able to consider restitution after the original "illegal" sentence lacking restitution had been handed down because there had been no mention of restitution in the plea agreement, the plea questionnaire or the original sentence. *Id.* at 120–22. Here, unlike *Borst*, the sentencing court discussed, and the judgment of conviction expressly provided for, restitution. The trial court in this case simply left the determination as to the amount owed for a later date, which is an act clearly contemplated by Wis. Stat. § 973.20(13). The original sentence therefore did not suffer from the same infirmities as the sentence in *Borst*. Rather, the problem lies in the procedures followed and the time it took for the amount of restitution owed

¶ 12. When, as here, a trial court orders restitution, but does not determine the amount of restitution at sentencing, WIS. STAT. § 973.20(13)(c) sets forth a list of four alternative procedures that the court may use to finalize the amount due.[5] *State v. Johnson*, 2002 WI

to be finalized. Thus, as will be seen in our discussion, this is a *State v. Perry*, 181 Wis. 2d 43, 510 N.W.2d 722 (Ct. App. 1993), issue.

[5] WISCONSIN STAT. § 973.20(13)(c) provides in part:

If the defendant stipulates to the restitution claimed by the victim or if any restitution dispute can be fairly heard at the sentencing proceeding, the court shall determine the amount of restitution before imposing sentence or ordering probation. In other cases, the court may do any of the following:

1. Order restitution of amounts not in dispute as part of the sentence or probation order imposed and direct the appropriate agency to file a proposed restitution order with the court within 90 days thereafter, and mail or deliver copies of the proposed order to the victim, district attorney, defendant and defense counsel.

2. Adjourn the sentencing proceeding for up to 60 days pending resolution of the amount of restitution by the court, referee or arbitrator.

3. With the consent of the defendant, refer the disputed restitution issues to an arbitrator acceptable to all parties, whose determination of the amount of restitution shall be filed with the court within 60 days after the date of referral and incorporated into the court's sentence or probation order.

4. Refer the disputed restitution issues to a circuit court commissioner or other appropriate referee, who shall conduct a hearing on the matter and submit the record thereof, together with proposed findings of fact and conclusions of law, to the court within 60 days of the date of referral.

Section 973.20 was enacted in April 1988 and went into effect prior to the date of Ziegler's criminal activity. *See* 1987 Wis. Act 398, §§ 43–45 (stating that the statute applied to persons who committed crimes on or after the effective date of the section,

App 166, ¶ 8, 256 Wis. 2d 871, 649 N.W.2d 284. "Each of the options set forth in § 973.20(13)(c) includes a time frame for finalizing the restitution order." *Johnson*, 256 Wis. 2d 871, ¶ 8. When a court fails to comply with any of the four separate, alternative procedures and instead constructs its own procedure to determine and set restitution and that procedure is not authorized by the applicable and controlling law, the decision cannot stand. *Evans*, 238 Wis. 2d 411, ¶ 15.

■

¶ 13.   Here, the parties agree that the trial court failed to comply with any of the four alternative procedures for determining restitution and that restitution was set outside of the restitution determination periods of Wis. Stat. § 973.20(13)(c)2. They part company, however, as to the appropriate remedy for this failure. As we indicated at the outset, Ziegler argues that we must vacate the portion of the amended judgment imposing restitution. The State, on the other hand, steadfastly maintains that the appropriate course of action, which was followed by the trial court, was to hold a "retrospective restitution hearing conducted 'in a manner consistent with the requirements of § 973.20(13).' [*State v. Krohn*, 2002 WI App 96, ¶ 13, 252 Wis. 2d 757, 643 N.W.2d 874]." We agree with Ziegler.

¶ 14.   In *State v. Perry*, 181 Wis. 2d 43, 53, 510 N.W.2d 722 (Ct. App. 1993), we held that the sixty-day restitution determination period of Wis. Stat. § 973.20(13)(c)2. is directory, not mandatory. However, in so holding, we cautioned that directory does not mean that the provision is merely discretionary or permissive because the legislature had plainly "in-

which was "on the first day of the 4th month commencing after its publication," or September 1, 1988).

870

tended that the time limit be followed." *Perry*, 181 Wis. 2d at 56–57. We explained that the directory construction simply reflected the legislature's intention that the court not be required in all cases to vacate the restitution order for a violation of the statutory time limitation. *Id.* Accordingly, we concluded that restitution orders resulting from proceedings held outside of the statutory time period for valid reasons may be upheld, provided that doing so will not result in harm or injury to the defendant. *See id.*; *see also Johnson*, 256 Wis. 2d 871, ¶¶ 8–14 (citing *Perry* for the conclusion that a court may impose restitution outside the statutory time frame as long as (1) valid reasons exist for the delay and (2) the defendant has not been prejudiced by the delay).

¶ 15.  Here, there is no valid reason for the delay. As the State conceded at oral argument, the victim provided all the information necessary to pursue restitution and the delay can only be attributed to a failure of the system. This is simply not a case where the determination of the defendant's restitution responsibility was postponed for obviously valid reasons such as the ongoing expenses of the victim, *see Johnson*, 256 Wis. 2d 871, ¶ 10, or the completion of a codefendant's trial, *see Perry*, 181 Wis. 2d at 56 (delaying the restitution determination allowed the court to consider the codefendants' restitution obligations in a consolidated fashion).

¶ 16.  The State suggests that its renewed desire to make the victim whole somehow provides a valid reason for the delay. This argument has no merit; as Ziegler pointed out at oral argument, the ends do not justify the means in this case. The State's desire to facilitate the compensation of the victim, while in

871

accord with the well-established public policy of this state, is not an explanation for why there is a fourteen-year gap between sentencing and the restitution determination hearing.

¶ 17. Before applying the second *Perry* prong, the prejudice prong, we pause briefly to address a question that arose during oral argument: Is there a "pecking order" between the two prongs or are they analyzed collectively? In other words, must we consider the second component of the *Perry* test, the question of prejudice to the defendant, if we determine, as here, that there is no demonstrable valid explanation for holding the restitution determination hearing outside the statutory time limits?

¶ 18. We conclude that we must. We can envision a situation where a restitution determination proceeding is held ten days outside the statutory time frame and there is no valid reason for the delay. To hold that such a minor delay, without a showing of prejudice to the defendant, precludes the State from seeking a restitution determination would effectively frustrate the statute's primary goal of facilitating complete restitution of the victim and secondary goal of rehabilitating the defendant. *See State v. Sweat*, 208 Wis. 2d 409, 422, 561 N.W.2d 695 (1997) (noting that while restitution serves a dual purpose of making the victim whole and rehabilitating the defendant, the primary purpose of restitution is compensating the victim). The victim would be forced to "go through the time, inconvenience and expense of a civil suit in order to recover pecuniary losses," *see Perry*, 181 Wis. 2d at 55–56, and the defendant would be able to avoid taking responsibility in the criminal proceeding for his or her actions, simply because, for whatever reason, the restitution determina-

tion hearing was held outside the time limits by a matter of days or weeks. This is a result we cannot countenance. We therefore hold that the two-pronged *Perry* test is akin to a balancing test; in each case, the court must balance the length and reasons for the delay against the injury, harm or prejudice to the defendant resulting from the delay. *See id.* at 56–57.

■■■■■

¶ 19.  We thus proceed to the question of whether the fourteen-year delay prejudiced Ziegler. We agree with Ziegler that the longer the time between the sentencing hearing and the restitution determination proceeding, the more inherent the prejudice to the defendant. Here, as a practical matter, by the time the court held the restitution hearing, much of the documentation concerning the victim's damages had been lost or destroyed and the victim could not exactly recall the origin of all his calculations, in particular the claim of $26,000 for work done by "SCS of Wisconsin." Also, as Ziegler rightly points out, the passage of so many years made it far more difficult for him to dispute any of the claimed damages. Further, and more importantly, as time passed, Ziegler acquired a legitimate expectation in the finality of the judgment against him—he had served his prison sentence, he was out on parole and the court had already determined that it did not have the authority to impose restitution any longer. *See, e.g., State v. Gruetzmacher*, 2004 WI 55, ¶¶ 33–34, 271 Wis. 2d 585, 679 N.W.2d 533 (concluding that the defendant's legitimate expectation of finality in the sentence may be influenced by many factors, such as the completion of the sentence, the passage of time, the pendency of an appeal, or the defendant's misconduct in obtaining sentence); *State v. Willett*, 2000 WI App 212, ¶ 6, 238 Wis. 2d 621, 618 N.W.2d 881 (holding that the defen-

dant did have a legitimate expectation in the finality of his sentence where the circuit court imposed its sentence based on an erroneous understanding of the law and the defendant had begun to serve his sentence); *United States v. Daddino*, 5 F.3d 262, 265 (7th Cir. 1993) (concluding that a defendant acquired a legitimate expectation of finality in his sentence where he had served his sentence, paid fines and restitution, and only a portion of his probation and supervised release remained). *See also State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994) ("We need finality in our litigation.").

¶ 20.    The State maintains that although the exact amount had not been determined, Ziegler was aware that he would be ordered to pay restitution at some point and therefore the restitution determination proceedings did not offend any finality expectations. *See Perry*, 181 Wis. 2d at 56–58 (noting that at the conclusion of sentencing the defendant knew that restitution proceedings were to follow the completion of his codefendant's trial and he therefore "had no legitimate expectation that he would escape the restitution order."). We cannot agree. In this case, fourteen years passed between the original judgment of conviction leaving restitution "to be determined" and the amended judgment of conviction ordering Ziegler to pay $95,379.61. During that time, the court vacated an amended judgment imposing restitution entered nearly ten years after sentencing because the State conceded that the court lacked the statutory authority to order restitution after such a delay and Ziegler had served his prison sentence and was out on parole. Given these circumstances, Ziegler was entitled to conclude that the judgment of conviction was final and he owed no

restitution. We therefore reject the State's argument and hold that Ziegler was prejudiced by the delay.

## CONCLUSION

¶ 21. *Perry* teaches that restitution orders from proceedings held outside the statutory time period for valid reasons may be upheld, provided that doing so will not result in prejudice to the defendant. *See id.* at 56–57. Because there were no demonstrable valid reasons for delaying the restitution determination hearing for fourteen years and such delay inherently prejudiced Ziegler, the trial court lacked the authority to order restitution. Accordingly, we vacate the restitution portion of the amended judgment of conviction.

*By the Court.*—Judgment reversed in part.