COURT OF APPEALS
DECISION
DATED AND FILED

June 11, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1641-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF1680

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

XAVIER V. FLEMING,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: ANN M. PEACOCK, Judge. *Reversed.*

Before Graham, P.J., Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Xavier Fleming appeals a circuit court order awarding approximately $2,500 in restitution to the Crime Victim Compensation Program. Fleming argues that the court erred in granting restitution because the State's proposed restitution order was filed outside the statutory timeframe, there was no valid reason for the five-and-one-half-year delay, and the delay prejudiced him. We agree, and, accordingly, we reverse.

**BACKGROUND**

¶2 In August 2018, pursuant to a plea agreement, Fleming was convicted of one count of felony murder as a party to the crime. On December 17, 2018, the circuit court sentenced Fleming to 15 years of initial confinement and 10 years of extended supervision. At the sentencing hearing, the State asked for three weeks to submit a proposed restitution order. The judgment of conviction indicates that the State was given 30 days to submit a proposed restitution order.

¶3 No further action was taken regarding restitution until the State filed a motion for leave to submit an untimely restitution order on June 13, 2024. Pertinent here, the motion indicated that the State was seeking restitution to reimburse the Crime Victim Compensation Program for a portion of the victim's funeral expenses that the Program had paid to the victim's family.[1] The motion did not address the amount of restitution requested. Fleming objected to the motion on the grounds that the State had no valid reason for the delay between

---

[1] The motion also requested compensation to reimburse an insurer for money the insurer paid to the victim, but the State later dropped this request for lack of supporting documentation. This request is not at issue on appeal, and we do not address it further.

Fleming's sentencing and the State's restitution request, the delay was lengthy, and the delay prejudiced Fleming.

¶4 The circuit court held a hearing on the motion, at which the State explained that it was seeking approximately $2,500. The court concluded that restitution is appropriate in this case. On July 30, 2024, after the court received additional documentation from the State, the court entered a restitution order for $2,554.88, plus administrative costs. Fleming appeals.

## DISCUSSION

¶5 Fleming argues, as he did in the circuit court, that the court lacked authority to order restitution because the delay was lengthy, the State had no reason for the delay, and the delay prejudiced him. The scope of a circuit court's authority to order restitution presents a question of statutory interpretation that this court reviews de novo. *State v. Ziegler*, 2005 WI App 69, ¶10, 280 Wis. 2d 860, 695 N.W.2d 895.

¶6 The restitution statute, WIS. STAT. § 973.20 (2023-24), requires a circuit court to order restitution to a victim "unless the court finds substantial reason not to do so and states the reason on the record."[2] § 973.20(1r). When the court orders, but does not set, restitution at sentencing, § 973.20(13)(c) provides four alternative procedures for determining the amount due. *Ziegler*, 280 Wis. 2d 860, ¶12. Each procedure has a timeframe of 90 days or shorter. *See* § 973.20(13)(c)1.-4.

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version. The 2023-24 version of the relevant statutes has not materially changed from the version of the statutes in effect when Fleming committed his crimes in 2017.

¶7 The statutory timeframes are directory, not mandatory, meaning that this court need not vacate the restitution order whenever the award is made outside of the time limit. *State v. Perry*, 181 Wis. 2d 43, 53, 510 N.W.2d 722 (Ct. App. 1993); *Ziegler*, 280 Wis. 2d 860, ¶14. However, that the timeframes are directory does not mean that they are "discretionary or permissive," because the legislature plainly intended that the statutory time limits be followed. *Ziegler*, 280 Wis. 2d 860, ¶14. Accordingly, restitution orders resulting from proceedings held outside of the statutory timeframes will only be upheld by this court based on the balancing of two factors. *Id.* We "must balance the length and reasons for the delay against the injury, harm or prejudice to the defendant resulting from the delay." *Id.*, ¶18. There is no "pecking order" to the factors; in other words, even if we determine that there is no valid reason for the delay, we must still consider whether there is prejudice to the defendant. *Id.*, ¶¶17-18.

¶8 The State concedes, as it did in the circuit court, that it did not submit a proposed restitution order within the statutory timeframes and that it "has no specific explanation for the delay" of more than five and one-half years. We conclude that, based on the State's concession and the absence of evidence to the contrary, the State has no valid reason for the five-and-one-half-year delay in submitting its restitution request.

¶9 We now turn to whether the five-and-one-half-year delay caused "injury, harm or prejudice" to Fleming. *See id.*, ¶18. "[T]he longer the time between the sentencing hearing and the restitution determination proceeding, the more inherent the prejudice to the defendant." *Id.*, ¶19. A defendant may be prejudiced because the defendant possessed a legitimate expectation of finality in the defendant's sentence. *Id.*

4

¶10 We conclude that Fleming is prejudiced because, under the relevant circumstances here, Fleming had a legitimate expectation of finality in his sentence—specifically, a legitimate expectation that he would not be required to pay restitution. "Evaluating the extent and legitimacy of a defendant's expectation of finality is a multi-factor inquiry that rests largely on the facts of each individual case." *State v. Robinson*, 2014 WI 35, ¶43, 354 Wis. 2d 351, 847 N.W.2d 352. The legitimate expectation of finality may be influenced by many factors, including "the completion of the sentence, the passage of time, the pendency of an appeal, [and] the defendant's misconduct in obtaining [a] sentence." *See State v. Jones*, 2002 WI App 208, ¶10, 257 Wis. 2d 163, 650 N.W.2d 844 (discussing expectation of finality in context of double jeopardy).

¶11 Here, when the State filed its untimely restitution request, while Fleming had not completed his sentence, he had served over one third of his initial confinement; over five and one-half years had passed; his appeal had been decided three and one-half years earlier; and there is no allegation that he contributed to the delayed restitution request or committed any misconduct in obtaining his sentence. In addition, there is no evidence that the State, the circuit court, or the victim's family communicated to Fleming in those five and one-half years that he would still be expected to pay restitution. *Cf. State v. Armstrong*, No. 2010AP1056-CR, unpublished slip op., ¶16 (WI App May 30, 2012) (finding no legitimate expectation of finality in part because victim "made numerous, if not always successful, attempts to obtain restitution that Armstrong knew about").[3]

---

[3] *See* WIS. STAT. RULE 809.23(3)(b) (permitting the citation of authored, unpublished opinions issued after July 1, 2009, for their persuasive value).

5

¶12 The State argues that Fleming does not have a legitimate expectation of finality in sentencing because he did not present any evidence to support his alleged subjective belief that he would not have to pay restitution. However, our conclusion to the contrary is based on our consideration of the factors set out in *Jones*, 257 Wis. 2d 163, ¶10, for determining whether a defendant has a legitimate expectation of finality in sentencing. The State does not argue that the *Jones* analysis does not apply here. In addition, as we have explained, there is no evidence of communication between Fleming and the circuit court, the State, the Crime Victim Compensation Program, or the victim's family about restitution after the 30-day deadline for submitting a proposed restitution order passed, such that Fleming should have anticipated an untimely restitution request.

¶13 The State also suggests that any prejudice to Fleming's legitimate expectation of finality in sentencing based on consideration of the *Jones* factors is diminished by Fleming's failure to show that the delay hindered the State from substantiating, or Fleming from challenging, the State's request. However, our task under *Ziegler* is to determine the length of and reasons for the delay, whether there is prejudice to Fleming from the delay, and to balance these two determinations against each other. *See Ziegler*, 280 Wis. 2d 860, ¶18. As explained above, we conclude that there is no valid reason for the five-and-one-half-year delay and that there is prejudice to Fleming's legitimate expectation of finality in sentencing from that delay. Regardless of whether the prejudice to Fleming could be greater in circumstances not present here, we further conclude that, taken together, these two determinations weigh in the same direction against the circuit court's authority to grant the untimely restitution request here.

**CONCLUSION**

¶14 For the reasons set forth above, we reverse the order granting the State's untimely restitution request.

*By the Court.*—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.